Mr. ,Justice MILLER
 

 delivered the opinion of the court.
 

 It is not necessary, in the view which we take of the matter, to inquire whether the Circuit Court was correct in the principle by which it fixed the date, either of the commencement or cessation of the disability to sue growing out of the events of the war. For we are of opinion that the period of twelve months which the contract allowed the plaintiff’ for bringing his suit does not open aud expand itself so as to receive within it three or four years of legal disability created by the war and then close
 
 together
 
 at each end of that period so as to complete itself, as though the war had never occurred.
 

 It is true that, in regard to the limitation imposed by statute, this court has held that the time may be so computed, but there the law imposes the limitation and the law imposes the disability. It is nothing, therefore, but a necessary legal logic that the one period should be taken from the other. If the law did not, by a necessary implication, take this time out of that prescribed by the statute, one of two things would happen: either the plaintiff would lose his right of suit by a judicial construction of law which deprived him of the right to sue yet permitted the statute to run until
 
 *161
 
 it became a complete bar, or else, holding the statute under the circumstances to be no bar, the defendant would be left, after the war was over, without the protection of any limitation whatever. It was therefore necessary to adopt the time provided by the statute as limiting the right to sue, and deduct from that time the period of disability.
 

 Such is not the case as regards this contract. The defendant has made its own special and hard provision on that subject. It is not said, as in a statute, that a plaintiff shall have twelve months from the time
 
 his cause of action accrued to
 
 commence suit, but twelve months from the time of
 
 loss;
 
 yet by another condition the loss is not payable until sixty days after it shall have been ascertained and proved. The condition is that no suit or action shall be sustainable unless commenced within the
 
 time of twelve months next after the loss shall occur,
 
 and in case such action shall be commenced after the expiration of twelve months
 
 next after such
 
 loss, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim. Now, this contract relates to the twelve months next succeeding the occurrence of the loss, and the court has no right, as in the case of a statute, to construe it into a number of days equal to twelve months, to be made up of the days in a period of five years in which the plaintiff could lawfully have commenced his suit. So also if the plaintiff shows any reason which in law rebuts the presumption, which, on the failure to sue within twelve months, is, by the contract, made conclusive against the validity of the claim, that presumption is not revived again by the contract. It would seem that when once rebutted fully nothing but a presumption of law or presumption of fact could again revive it. There is nothing in the contract' which does it, and-we know of no such presumptions of law. Nor does the same evil consequence follow from removing absolutely the bar of the contract that would from removing absolutely the bar of the statute, for when the bar of the contract is removed there still remains the bar of the statute, and though the plaintiff may show by his disability to sue a sufficient answer to the twelve months provided by the con
 
 *162
 
 tract, he must still bring his suit within the reasonable time fixed by the legislative authority, that is, by the statute of limitations.
 

 We have no doubt that the disability to sue imposed on the plaintiff by the war relieves him from the consequences of failing to bring suit'Vithiu twelve months after the loss, because it rendered a compliance with that condition impossible and removes the presumption which that contract says shall be conclusive against the validity of the plaintiff’s claim. That part of the contract, therefore, presents no bar to the plaintiff’s right to recover.
 

 As the Circuit Court founded its judgment on the proposition that it did, that judgment must be
 

 Reversed and the case remanded , for a new'trial.