HENRY E. CHICHESTER, ADMINISTRATOR, *vs.* THE NEW HAMPSHIRE FIRE INSURANCE COMPANY.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The provision in the standard form of fire insurance policy, that "no suit or action shall be sustainable unless commenced within twelve months next after the fire," is valid and binding upon the parties by force of the contract, and not as a statute of limitations. It is not, therefore, affected by Chap. 193 of the Public Acts of 1895, which permits a new suit to be instituted within a year after the failure of a previous suit by abatement or nonsuit, notwithstanding the lapse of the statutory period of limitation since the cause of action accrued.

The facts that the plaintiff brought a suit within twelve months, in which he was nonsuited for reasons not affecting the merits, and that he brought the present suit immediately afterward, but more than twelve months after the fire, do not excuse the nonfulfillment of his contract.

The twelve months runs from the occurrence of the fire and not from the filing of proofs of loss.

To an answer setting up the failure to institute the present suit within twelve months after the fire, the plaintiff replied that a former suit had been commenced within the twelve months and that the defendant had by false representations made to the court fraudulently delayed the rendition of judgment in that suit until after the lapse of the twelve months, in order that the plaintiff, if nonsuited, should be barred from instituting another action. *Held* that this reply was demurrable, since it appeared therefrom that the alleged fraudulent representations were not made until more than twelve months next after the fire.

Submitted on briefs January 21st—decided March 5th, 1902.

ACTION to recover the amount of a loss under a policy of fire insurance, brought to the Superior Court in Fairfield County where successive demurrers to portions of the reply were sustained (*Thayer* and *Robinson, Js.*), and subsequently judgment was rendered (*Ralph Wheeler, J.*) for the defendant, from which the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

This action was brought upon a policy of insurance against fire issued to Susan Anderson. The buildings insured were destroyed by fire on November 15th, 1898. Susan Anderson died about November 1st, 1898. One Charles Olmsted was appointed administrator of Susan Anderson's estate on December 21st, 1898. Due proofs of loss were furnished on January 14th, 1899. Olmsted, administrator, brought an action on the policy about the last of April, 1899, and within one year after the fire.

Upon the trial of that action, after the plaintiff had introduced all of his evidence, the defendant moved for a nonsuit. This motion was granted by the court and judgment of nonsuit rendered in February or March, 1900. The plaintiff attempted to appeal from this judgment to the Supreme Court of Errors, but failed by reason of his own neglect and the appeal was dismissed April 18th, 1900. *Chichester* v. *New Hampshire Fire Ins. Co.*, 72 Conn. 707. The plaintiff (appointed administrator in place of Olmsted, who had died) immediately brought the present action.

The defendant's second defense alleges: "It is provided in said policy that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after the full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire. This action was not commenced within twelve months next after the fire." Said defense further alleges failure to comply with requirements of the policy in respect to the notice and proof of loss.

The plaintiff's reply to this defense alleged (1) that an action was brought within a year after the fire, which action " was defeated by reason of a judgment of nonsuit " and the

present action was commenced immediately afterwards in pursuance of Chap. 193 of Public Acts of 1895 ; (2) certain facts claimed as furnishing legal excuse for failure to comply strictly with the requirements of the policy as to notice and proof of loss.

The defendant demurred to this reply and the court (*Thayer*, *J.*) sustained the demurrer.

The plaintiff then, by leave of court, filed a second reply to the second defense, alleging that in the former action the pleadings were closed on November 17th, 1899, and the cause specially assigned for trial on November 28th, 1899 ; that on November 27th, 1899, the defendant moved for a continuance of the cause and made certain fraudulent and false representations by means of which he obtained a continuance for several months ; that the purpose of the defendant in thus obtaining a continuance was to delay the trial until after the time within which, by the terms of the policy, an action must be brought, had expired, so that, in case the plaintiff should become nonsuited for any cause, a second action could not be brought within the prescribed time.

The defendant demurred to this reply and the court (*Robinson*, *J.*) sustained the demurrer.

The plaintiff having neglected to plead further, the defendant moved for a judgment on the pleadings as they stood and the court (*Ralph Wheeler*, *J.*) rendered judgment for the defendant.

The appeal assigns as error, (1) sustaining the demurrer to plaintiff's reply to the second defense ; (2) sustaining the demurrer to the second reply to the second defense ; (3) rendering judgment for the defendant.

*John J. Walsh*, for the appellant (plaintiff).

*J. Belden Hurlbutt* and *Leo Davis*, for the appellee (defendant).

HAMERSLEY, J.   The provision in the policy sued upon requiring an action to be brought " within twelve months

next after the fire" does not operate as a statute of limitations ; it is a part of the contract ; the rights of the parties flow from the contract, and must be governed by the rules of law applicable to contracts. Such a provision in a contract of insurance is valid and binding upon the parties. *Woodbury Savings Bank* v. *Charter Oak Ins. Co.,* 31 Conn. 517, 529; *Cray* v. *Hartford Fire Ins. Co.,* 1 Blatch. 280, 289 ; *Riddlesbarger* v. *Hartford Ins. Co.,* 7 Wall. 386, 391.

The insurer's promise to indemnify is not absolute, but modified by the promise of the insured to commence his action within twelve months. Upon failure to perform this condition the liability of the insurer under the contract ceases to exist; but the remedy of the insured for any cause of action he may have under the contract is not affected, and is governed by the statute of limitations. The performance of the condition to bring suit within the specified time may be waived by the insurer. It may be excused upon the existence of such facts as, by the law of contract, will excuse the performance of such a condition ; as, for instance, by a state of war, which renders it impossible to bring an action within the twelve months. In that event the promise to indemnify remains binding notwithstanding the nonperformance of the condition, and the insured may pursue his remedy for its breach within the time fixed by the statute of limitations. *Semmes* v. *Hartford Ins. Co.,* 13 Wall. 158, 162.

The second defense in the defendant's answer, setting up the condition in the policy in respect to the time within which an action shall be brought and alleging that this action is not brought within twelve months next after the fire, is, therefore, a complete defense, unless the plaintiff in his reply. alleges facts sufficient in law to excuse his nonperformance of the condition. In his first reply the plaintiff relies upon the fact that he brought an action upon the policy within twelve months after the fire, that in this action he was nonsuited for reasons not touching the merits of his cause, and that the present action was brought immediately afterwards, although not within the time specified in the condition. Such facts do not excuse the nonfulfillment of his contract. *Woodbury*

*Savings Bank* v. *Charter Oak Ins. Co., supra; Riddlesbarger* v. *Hartford Ins. Co., supra; Hocking* v. *Howard Ins. Co.,* 130 Pa. St. 170, 175.

The plaintiff's claim that Chap. 193 of the Public Acts of 1895 authorizes the bringing of this suit within one year after his nonsuit in the former action, is without foundation. That chapter is an amendment to the statute of limitations and does not affect this contract.

The plaintiff also insists that Chap. 226 of the Public Acts of 1893, establishing a standard policy of insurance, in some way changes the agreement of the parties to such a policy into a statute of limitations. The Act clearly has no effect upon the contracts made in accordance with the form therein provided.

In his second reply to the second defense the plaintiff relies upon this claim: When the former action was pending it was specially assigned for trial on November 28th, 1899. If it had been then tried the plaintiff would have been nonsuited within the year fixed by the condition in his policy and could have commenced a new action within that year; but the defendant, on the day preceding the day on which the case was assigned for trial, obtained a postponement of the trial for several months by means of false and fraudulent representations made to the court with the intent to prevent a trial until said year had expired, in order that the plaintiff, if he should be nonsuited, would be unable to commence another action; so that the defendant, by its own fraud, prevented the plaintiff from performing the condition set up in the second defense, and is therefore estopped from pleading that defense.

Assuming for the sake of argument that such a claim might entitle the plaintiff to some equitable relief, it is not supported by the facts alleged in his reply. It appears by the reply itself that the fraudulent representations charged were made more than " twelve months next after the fire," and could not have been made with the intent, nor produced the result, claimed by the plaintiff. This whole claim of the plaintiff rests on the assumption that the condition should

be construed as requiring an action to be brought within twelve months after the production of satisfactory proofs of loss. Such assumption is unfounded; the condition means what it says, "twelve months next after the fire." *Chambers* v. *Atlas Ins. Co.*, 51 Conn. 17, 18.

The court did not err in sustaining the demurrer to the plaintiff's first reply, and to his second reply to the second defense, for the reasons above given.

In his brief the plaintiff criticises the pleading of the defendant in rejoinder to the first reply, because the defendant denies and demurs to the same allegations of fact. It is sufficient that no error of this nature is properly assigned in the appeal.

The second defense alleged that this action was not brought within twelve months next after the fire, as required by the contract sued upon. The defendant demurred specially to the facts alleged in the plaintiff's first and second replies to this defense; the court properly sustained the demurrer. This defense, unanswered, was wholly inconsistent with any right of action in the plaintiff.

The defendant properly moved for judgment, and the court having found in the hearing on that motion that the plaintiff had not made further reply within the time limited by rules of court, and that the plaintiff did not intend to reply further, was justified in rendering judgment for defendant.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.