BOTHO FARENHOLTZ, Respondent, v. HENRY MEINSHAUSEN, Appellant.

First Department, February 1, 1918.

Trial — action by citizen and resident of Germany against citizen of United States — continuation of action by personal representatives of deceased plaintiff — abatement — suspension of Statute of Limitations during war.

Where, in an action commenced on May 12, 1914, by a citizen and resident of the German Empire against a citizen of the United States residing in Chicago, upon a cause of action arising in said city, jurisdiction was obtained by attaching a claim of the defendant against a domestic corporation having its place of business in the county of New York, and the defendant appeared and answered, and a reply was served on October first, and the cause of action placed on the calendar for trial, where it still remains, and it appears that the plaintiff died in Germany in July, 1915; that no application has been made to substitute personal representatives to prosecute the action; that plaintiff did not write for the documents necessary to apply for ancillary letters or to enable personal representatives to be substituted as parties plaintiff until more than sixteen months after the plaintiff's death, he has failed to show the diligence which should be exercised, and an order should be granted that the action abate unless it be continued by the personal representatives of the deceased within one year.

The fact that the defendant has given a bond does not affect the circumstances as he is put to unnecessary expense by the continued delay.

The abatement of the action will not deprive the personal representatives of ability to prosecute the same after the war is over, if they are so advised.

The Statute of Limitations is suspended during the war as between the citizens of belligerent powers.

The fact that the action cannot be prosecuted during the period of the war is no reason why the personal representatives of the plaintiff should not demonstrate their intention of prosecuting it as soon as possible.

APPEAL by the defendant, Henry Meinshausen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of April, 1917, denying his motion for an order requiring this action to be continued by the personal representatives of the deceased plaintiff or in default thereof that the action be abated.

*William E. M. Reynolds* of counsel [*Frederick C. Hunter* with him on the brief; *McReynolds & Hunter,* attorneys], for the appellant.

*Daniel P. Hays* of counsel [*Hays, Hershfield & Wolf,* attorneys], for the respondent.

PAGE, J.:

This action was commenced on May 12, 1914, by a citizen of the German Empire and a resident of Magdeburg therein against a citizen of the United States residing in Chicago, Ill., upon a cause of action that arose within that city. Jurisdiction was obtained by attaching a claim of the defendant against a domestic corporation, having its place of business in the county of New York. The defendant appeared and served an answer on July 10, 1914. An amended answer was served on September 11, 1914, containing a counterclaim greatly in excess of the plaintiff's cause of action. A reply was served on October 1, 1914, notices of trial were served and the cause placed on the trial calendar of the Supreme Court for the December term, 1914, and still remains thereon. The plaintiff died in Magdeburg in July, 1915, and no application has been made to substitute personal representatives to prosecute the action. The excuses presented by the plaintiff's attorneys are the disturbed conditions of the mails and transportation between this country and Germany since August, 1914, culminating in a state of war between the countries in April, 1917. Communication between the countries through neutral nations has been possible, and is even now, through a Federal license. Six months or more was allowed to elapse while the attorneys were pursuing a fruitless search for information that could only have effectively been obtained in Germany. When they did finally write they

obtained a delayed reply inclosing a certified copy of some document, the character of which is not clearly revealed in the affidavits, and not until November 24, 1916, more than sixteen months after the plaintiff's death did they write explicitly for the documents necessary to apply for ancillary letters or to enable the personal representatives to be substituted as parties plaintiff, and four months later they state that no reply has been received. This does not show the diligence that should be exercised where the property of a resident of another State has been impounded in this jurisdiction. That the defendant has given a bond does not affect the principle. He is put to unnecessary expense by the continued delay. There is no reason why the necessary steps should not be taken to revive this action within a reasonable time, if it is the intention of the personal representatives in good faith to prosecute it.

An abatement of this action will not deprive them of ability to prosecute their cause of action after the war is over if they are so advised. The Statute of Limitations is suspended during the war as between the citizens of belligerent powers. (*Semmes* v. *Hartford Ins. Co.*, 13 Wall. 158.) The courts of Illinois, both Federal and State, will be open to them, even if the courts of this State should not then be available. That this action cannot be prosecuted during the period of the war (*Rothbarth* v. *Herzfeld*, 179 App. Div. 865) is no reason why the personal representatives of the plaintiff should not now demonstrate their intention of prosecuting it as soon as they may be able to do so, and place themselves in position to have the action tried as soon as possible.

Under the circumstances the longest time provided by law may be given.

The order is, therefore, reversed and the motion granted for an order that this action abate unless it is continued by the personal representatives of the deceased within one year after the service of a copy of the order with notice of entry upon the firm who were plaintiff's attorneys.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted as stated in opinion.