Arthur M. MASTERSON, Administrator of the Estates of Gerald T. Masterson, Sr., and Gerald T. Masterson, Jr., and Guardian of the Estates of Paul J. Masterson, Lynn F. Masterson, and Richard G. Masterson, Plaintiffs-Appellants,

v.

Nellie ATHERTON, Defendant-Appellee.

Nellie ATHERTON, Plaintiff-Appellee,

v.

Frances T. MASTERSON and Arthur M. Masterson, Defendants-Appellants.

Nos. 280, 281, Dockets 28483, 28484.

United States Court of Appeals Second Circuit.

Argued Jan. 21, 1964.

Decided Feb. 19, 1964.

Joseph W. Knott, Stratford, Conn. (Theodore I. Koskoff, Bridgeport, Conn., on the brief), for appellants.

John J. Cotter, Bridgeport, Conn. (David Goldstein and Jacob D. Zeldes, Bridgeport, Conn., on the brief), for appellee.

Before FRIENDLY, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

On February 25, 1959 Frances T. Masterson, individually, as administratrix of the decedents' estates of her husband and one minor child, and as guardian of the estates of her three minor children, sued Nellie Atherton in the Connecticut Superior Court for personal injuries and wrongful deaths resulting from a fire in a home owned by the defendant and rented by the Mastersons. A jury found for the plaintiffs, and awarded damages in varying amounts to all six. On appeal these verdicts were set aside by the Connecticut Supreme Court of Errors because of insufficient evidence. The Supreme Court of Errors expressly considered whether to order a new trial and found no justification for doing so. It therefore remanded the case "with direction to render judgment for the defendant in accordance with her motion for a directed verdict." Masterson v. Atherton, 149 Conn. 302, 317, 179 A.2d 592, 599 (1962). On March 16, 1962, pursuant to the remand, the Superior Court entered judgment for defendant Nellie Atherton.

On May 9, 1962 Arthur M. Masterson, acting as successor-administrator and successor-guardian to the same plaintiffs, filed suit in the United States District Court for the District of Connecticut against Nellie Atherton on the same cause of action. Federal jurisdiction was based on diversity of citizenship. On May 18, 1962 Nellie Atherton brought an action in the Connecticut Superior Court for a judgment declaring that the judgment entered pursuant to the decision of the Supreme Court of Errors is *res judicata* as to the action filed in the federal court by Arthur M. Masterson, and that the federal action is barred by the one year Connecticut statute of limitations. This declaratory judgment action was removed to the federal court and consolidated with the Masterson ac-

tion. On cross motions for summary judgment, the District Court, William H. Timbers, J., granted the Atherton motions for summary judgment and denied the Mastersons' motions.

■■ The sole question presented on appeal is whether Connecticut's Accidental Failure of Suit Statute, Conn. Gen.Stat. § 52–592 (1958 Rev.), permits a new action to be brought after a plaintiffs' judgment has been reversed on appeal and judgment directed for the defendant. Judge Timbers held that it did not, and we agree.

That statute provides in pertinent part:

"If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service * * * due to unavoidable accident * * *, or because the writ was abated, or has been erased from the docket for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been arrested, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff * * * may commence a new action for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. When any action has been brought against an executor or administrator or continued against an executor or administrator after the death of the defendant and has failed for any of the causes above mentioned, the plaintiff, or his executor or administrator in case a cause of action survives, may commence a new action within six months after such determination of the former one. * * * The provisions of this section shall apply * * * to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed

without trial upon its merits or because of lack of jurisdiction in such court, and, if such action is within the jurisdiction of any state court, the time for bringing such action to such state court shall commence from the date of such dismissal in the United States court, or, if an appeal or writ of error has been taken from such dismissal, from the final determination of such appeal or such writ of error."

While the Connecticut courts have not had occasion to pass on this question, we think it clear the statute cannot be fairly interpreted to permit a new suit after a judgment has been entered on the merits. The statute was plainly intended to toll the running of the statute of limitations where formal defects in service, pleadings, or jurisdiction have resulted in an accidental failure of a suit. The statute's title—"Accidental failure of suit; allowance of a new action"— would hardly be appropriate if the statute were intended to encompass failure of a suit because of insufficient evidence after a full trial on the merits.

■■ While the statute might have been drafted with more precision, when § 52–592 is looked at as a whole, it is apparent that "a judgment for the plaintiff reversed" in the first sentence must refer to a judgment which has been reversed for error which does not go to the merits. All the other instances for which the statute allows a new action to be brought are clearly instances in which a suit has not failed on the merits. We see no reason to strain the statutory language to create an anomaly in the law of limitation. Moreover, such an anomaly would thwart the salutary public policy underlying the doctrine of *res judicata*—"that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew that litigation in another court." Heiser v. Woodruff, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946); Ruocco v. Logiocco, 104 Conn. 585, 134 A. 73

(1926). Had the legislature desired to give another chance to plaintiffs successful in the trial courts but reversed on appeal and remanded for dismissal on the merits, it would surely have chosen a more likely vehicle than a statute tolling the statute of limitations because of accidental failure of suit.

The judgments are affirmed.