LUCY M. A. DONAHUE ET AL. *v.* JEAN E. DEARBORN

CIRCUIT COURT

FOURTEENTH CIRCUIT
FILE No. CV 14-681-33394

Memorandum filed January 7, 1969

*Regnier, Moller & Taylor,* of Hartford, for the plaintiffs.

*Fauliso, Katz & Hansen,* of Hartford, for the defendant.

GOLDBERG, J. The plaintiffs instituted this action by writ, summons and complaint dated January 8, 1968, the writ being made returnable to this court on the first Tuesday of February, 1968. It appears that on or about June 21, 1963, an automobile operated by the plaintiff and owned by the coplaintiff was in collision with an automobile operated by the defendant. The plaintiff was injured, and the auto-

mobile of the coplaintiff was damaged. The plaintiffs brought suit to recover for the personal injuries and property damage, alleging that the collision and the resulting injuries and losses were due to the negligence of the defendant.

In her answer, the defendant denied the material allegations of the complaint and, by way of a second special defense, alleged that "the right of action for the cause stated in the complaint did not accrue within one year next before the commencement of this action." The plaintiffs replied to the second special defense by alleging that they "have a right to institute a new action under Connecticut General Statutes (Rev. 1968) Sec. 52-592 in that the Sheriff was entrusted with the writ, summons and complaint a few days before the statute of limitations ran but through his neglect did not serve it on the defendant before the statute of limitations ran, although, he did garnish the defendant's bank account before the statute ran."

The pleadings in this action and the court's rulings on the various motions, together with a stipulation entered into between the parties which was made a part of the file in this case and the affidavits filed, disclose that a previous action had been brought in 1964 by the plaintiffs against the defendant for the same cause of action as in the instant case; that the plaintiffs initiated that action by a garnishment within the time limited by law but that, owing to the neglect of the sheriff, service was not made on the defendant within the limitation period prescribed by the Statute of Limitations; and that on January 4, 1968, a summary judgment was entered for the defendant by a stipulation of the parties.

The defendant claims that there is no genuine issue as to any material fact and that she is entitled to a summary judgment as a matter of law. Practice

Book § 298. The question, therefore, which the court must determine is whether the defendant's second special defense is well founded. The issue presented is one of law and proper for determination upon a motion for summary judgment. Practice Book § 303; *Souza* v. *Great Atlantic & Pacific Tea Co.,* 25 Conn. Sup. 174.

This negligence action was instituted more than four and a half years after the date of the accident alleged in the complaint. It is, therefore, barred by the one-year Statute of Limitations; General Statutes § 52-584; unless a new action is authorized by § 52-592, entitled "Accidental failure of suit; allowance of new action." That statute provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service . . . or the default or neglect of the officer to whom it was committed, . . . the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action . . . ." The plaintiffs rely on § 52-592 as saving their cause of action. They claim that they are entitled to the benefit of the statute because when service was not made on the defendant in the previous action within the time limited by law, it was owing to the "default or neglect" of the sheriff to whom the writ, summons, and complaint were committed.

Section 52-592 has not been construed by our courts in the precise factual situation comparable to that of the instant case. In construing legislative language, our Supreme Court in *Mulcahy* v. *Mulcahy,* 84 Conn. 659, 662, stated: " 'All statutes, whether remedial or penal, should be construed according to the apparent intention of the legislature, to be gathered from the entire language used, in con-

nection with the subject and purpose of the law.' . . . 'The mischief which the statute was designed to remedy is an important guide in ascertaining its meaning.' "

The statute was passed to avoid the hardships arising from an unbending enforcement of limitation statutes. The extension of time provided by it applies to all cases where a suit, seasonably begun, has failed for one or more of the causes stated. See *Gallo* v. *G. Fox & Co.,* 148 Conn. 327; *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395. The purpose in enacting § 52-592 was to provide an enlarged Statute of Limitations in certain specific cases. This is a remedial statute. *Baker* v. *Baningoso,* 134 Conn. 382; *Korb* v. *Bridgeport Gas Light Co.,* supra; *Dirton* v. *McCarthy,* 22 Conn. Sup. 205. In construing this statute, the court in *Masterson* v. *Atherton,* 328 F.2d 106, 108; stated: "The statute was plainly intended to toll the running of the statute of limitations where formal defects in service, pleadings, or jurisdiction have resulted in an accidental failure of a suit." In *Mizell* v. *Welch,* 245 F. Sup. 143, 144, where the factual situation was similar to that of the instant case, in construing the statutory phrase "within the time limited by law," the court said that it means "within the limitation period prescribed by Connecticut law," and the court went on to say: "Plaintiff, having failed initially to bring his action within the time prescribed by Connecticut law . . . cannot reap the benefit of the Connecticut Accidental Failure of Suit Statute and is, therefore, barred from seeking relief in this Court . . . ." In the instant case, no matter what may be the excuse for the failure to serve the defendant within the period of time limited by statute, the fact is that the defendant was not served within the limitation period of one year, and the original action, therefore, was not "commenced within the time limited by law." The

statute's very title, "Accidental failure of suit; allowance of a new action," would hardly be appropriate if the statute were intended to encompass the failure of a suit because no proper service was in fact made in the original action.

Finally, the fact that the plaintiffs initiated their action by a garnishment did not relieve them of the requirement of serving process on the defendant in the manner provided by law. It is the service on the defendant which "commences" the action, not service on the garnishee. See *Young* v. *Margiotta*, 136 Conn. 429, 433; Stephenson, Conn. Civ. Proc. § 27, p. 56.

The court concludes that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

Accordingly, summary judgment may enter for the defendant.