## SACKS REALTY COMPANY, INC. *v.* NEWARK INSURANCE COMPANY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 353

Argued October 14—decided December 3, 1976

*Joseph B. Lukas,* for the appellant (plaintiff).

*Robert W. Carangelo,* for the appellee (defendant).

PER CURIAM. The sole issue involved in this appeal is whether a writ, summons and complaint served on the defendant more than twelve months

after the occurrence of an alleged vandalism was timely brought within the limitation provisions of an insurance policy issued to the plaintiff. The trial court granted summary judgment to the defendant on the ground that the suit had not been instituted within the time prescribed by the insurance contract.

The policy contained the following provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." Because the contract was entered into and was to have operative effect in the state of Connecticut it is construed according to Connecticut law. *Jenkins* v. *Indemnity Ins. Co. of North America,* 152 Conn. 249, 253. Under our law compliance with the above provision is a condition precedent to recovery under the policy. *Chichester* v. *New Hampshire Fire Ins. Co.,* 74 Conn. 510, 512–13. The plaintiff does not question this proposition; nor does it question the further proposition that the time when an action is regarded as commenced is the date when the writ is served on the defendant. *Seaboard Burner Corporation* v. *DeLong,* 145 Conn. 300, 303. The plaintiff's principal contention is that General Statutes § 52-593a[1] extends the contractual time period.

---

[1] "[General Statutes] Sec. 52-593a. RIGHT OF ACTION NOT LOST WHERE PROCESS SERVED AFTER STATUTORY PERIOD, WHEN. No cause or right of action shall be lost because of the passage of the time limited by law within which such action may be brought, if the process to be served is personally delivered to an officer authorized to serve such process or is personally delivered to the office of any sheriff within the time limited by law, and such process is served, as provided by law, within fifteen days of such delivery. In any such case the officer making such service shall endorse under oath on his return the date of delivery of such process to him for service in accordance with this section."

Section 52-593a applies only to limitations provided by law. It does not purport to apply to limitations provided by contract. It is a fundamental principle of statutory interpretation that where the language of the statute is clear and unambiguous there is no room for judicial construction. *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 411. We are not permitted to read words into a statute merely because in our opinion such a construction might produce a desirable result. *Robinson* v. *Guman,* 163 Conn. 439, 444. If the legislature desired to make delivery of process to a sheriff applicable not only in cases involving limitation periods established by statute but also in those established by contract, it had the right and power to enact that legislation, but it did not do so.

There is no error.

SPEZIALE, PARSKEY and SPONZO, Js., participated in this decision.