[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants move for summary judgment on the grounds that the action was not commenced within two years of the accident and that the action cannot be saved under the accidental failure of suit statute.
Plaintiffs, Milton and Gayle Buck, brought an action for damages resulting from an automobile accident that occurred on July 9, 1987. This action was dismissed by the court, Hennessey, J., because the plaintiffs "failed to comply in any form with the provisions of" Conn. Gen. Stat. 52-593a. Buck v. Esman, D.N. 365584, J.D. of Hartford-New Britain at Hartford, Memorandum of Decision on Motion to Dismiss, December 12, 1989, Hennessey, J. (Buck I).
The plaintiffs instituted another action relying on Conn. Gen. Stat. 52-592, the accidental failure of suit statute. The defendants, Arthur B. Esman, Jr., and Neil Transportation, Inc., filed an answer and special defenses on October 25, 1990. In their second special defense, the defendants allege that the plaintiffs' action is barred by the statute of limitations; Conn. Gen. Stat. 52-584. The plaintiffs filed a reply on November 13, 1990, denying each and every allegation of the defendants' special defense.
On March 11, 1591, the defendants moved for summary judgment on the following grounds: (1) that the plaintiffs' "action was not commenced within two (2) years from the date of the accident alleged and, therefore, the action is barred by the applicable Statute of Limitations, being 52-584;" and (2) that the plaintiffs cannot rely on Conn. Gen. Stat. 52-592
because "no action was commenced within the original two year period and there has been a final determination in the original action that precludes the use of" the accidental failure of CT Page 5264 suit statute. The plaintiffs argue that Conn. Gen. Stat.52-592, in conjunction with 52-593a, allows the present action and that the court's prior decision dismissing their initial action does not bar this one. The parties have submitted a memorandum of law in support of their respective positions.
"In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage and except [in certain] administrative appeals . . ., any party may move for a summary judgment, provided that the pleadings are closed as between parties to that motion." Conn. Practice Bk. 379 (rev'd to 1978, as updated to October 1, 1990). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Id. at 384.
Conn. Gen. Stat. 52-593a(a) provides, in pertinent part, that
 a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
Subsection (b) provides: "In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section."
Conn. Gen. Stat. 52-592 (a) provides:
 Sec. 52-592. Accidental failure of suit; allowance of new action. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict CT Page 5265 for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
(emphasis added).
The defendants, citing Donahue v. Dearborn, 5 Conn. Cir. Ct. 487 (1969), argue that since the plaintiffs' first action was not commenced within the limitation period, the plaintiffs cannot rely on the accidental failure of suit statute. The defendants further argue that the court, in Buck I, "held, as a matter of law in dismissing plaintiffs' complaint, that the [first] action had not been commenced within the applicable two year Statute of Limitations." The court did not so hold. In Buck I, the court dismissed the action because the plaintiffs "failed to comply in any form with the provisions of" Conn. Gen. Stat. 52-593a. See Buck I, Memorandum of Decision on Motion to Dismiss, at 6. The accidental failure of suit statute allows a plaintiff to commence a new action when the original action was dismissed for any matter of form. See Conn. Gen. Stat. 52-592 (a).
The plaintiffs have attached the affidavit of Wendy Swanson, a secretary of the plaintiffs' prior counsel. Ms. Swanson states that the writ, summons and complaint were received by the sheriff on July 6, 1989. Conn. Gen. Stat.52-593a(b) is directed to "the officer making service" and does not affect the operation of subsection (a). If the sheriff received the writ, summons and complaint prior to the running of the statute of limitations and served them within fifteen days of the delivery, then the first action was commenced timely. Whether the plaintiffs' first action was commenced timely is a genuine issue of material fact in dispute. Accordingly, the defendants' motion for summary judgment is denied.
M. Hennessey