[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the ground that the plaintiff failed to bring its action within two years as required by the insurance contract.
The plaintiffs, Flanders Pharmacy and Dorothy Houlihan, the sole owner of Flanders Pharmacy, filed a four count revised complaint on May 17, 1991. Defendant was served with the original complaint on October 1, 1990. The complaint alleges that the defendant, Norfolk Dedham Mutual Fire Insurance Company, issued to the plaintiffs a fire insurance policy effective February 3, 1988. The complaint further alleges that the defendant promised to pay, as a condition of the policy, "the actual loss of business income sustained by the plaintiffs due to the necessary CT Page 1301 suspension of operations and during the period of restoration of any loss or damage as caused by direct physical loss of or damage to property at the described premises and in addition thereto, promised to pay for loss of business income that occurred within twelve (12) consecutive months after the date of direct physical loss or damage."
Plaintiffs allege that on September 30, 1988, a fire destroyed the business premises known as Flanders Pharmacy. Further, plaintiffs allege that the defendant refused to pay for the business income loss and therefore breached the terms of the insurance contract.
Count one of the complaint sounds in breach of contract. Count two alleges a violation of General Statutes 38a-815, et seq. (CUIPA). Count three alleges violations of General Statutes42-110b (CUTPA). The fourth count alleges that the defendant breached the implied covenant of good faith and fair dealing.
The defendant filed a motion for summary judgment as to count one on July 29, 1991, along with a memorandum of law in support thereof. The plaintiffs filed an objection to the motion on August 14, 1991, along with a memorandum of law in support of the objection, an affidavit of David Todd, and other documentary evidence.
The pleadings are closed, as required by Practice Book 379.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."' Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). Because the party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact, the facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin, 208 Conn. 606, 515,546 A.2d 250 (1988). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Connecticut National Bank v. Great Neck Development Co., supra.
In its memorandum of law in support of the motion for summary judgment, the defendant argues that the plaintiffs failed to bring this action within two years from the date of the fire, as required by the policy.
The plaintiffs argue, in response, that the policy requires CT Page 1302 any action to be brought within two years of the "direct physical loss or damage." They argue that business loss is included in the word "damage." They further argue that the business loss they suffered could not be assessed for one year after the date of the fire. Therefore, the plaintiffs argue, the two year limitation does not begin to run until one year after the fire, when the business loss is assessed, and the "damage" has occurred.
"Interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy." Aetna Life Casualty Co. v. Bulaong,218 Conn. 51, 58, 588 A.2d 138 (1991). "Construction of a contract of insurance presents a question of law for the court . . ." Id.
There remain no genuine issues of material fact in dispute. The only issue before the court is the interpretation of the insurance contract.
The Connecticut Supreme Court has stated that in interpreting an insurance contract,
 [i]f the words are plain and unambiguous, they must be given their ordinary and natural meaning, and we do not force, ignore or distort provisions so as to give them a different meaning from how they were evidently intended by the parties. . . . If the language is ambiguous, however, the ambiguity must be resolved against the insurer. We will not torture language to find an ambiguity that the ordinary meaning does not disclose, however, and simply because the parties contend for different meanings does not necessitate a conclusion that the language is ambiguous.
Aetna Life Casualty Co. v. Bulaong, supra, 60.
In the instant case, the policy provides in pertinent part:
 We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration." The suspension must be caused by direct physical loss of or damage to property at CT Page 1303 the described premises, . . . We will only pay for loss of Business Income that occurs within 12 consecutive months after the date of direct physical loss or damage.
Businessowners Special Property Coverage Form, pp. 3-4.
Further, the policy provides that "[n]o one may bring a legal action against us under this insurance unless: . . . b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred." Id., p. 9.
The term "direct physical loss or damage" refers to the physical damage caused by fire and not to resulting business income loss. This is evidenced by the fact that the policy states that the company will pay for business income loss for twelve months "after the date of direct physical loss or damage." (Emphasis added). This suggests a recognition that business income loss is an indirect loss caused by the direct physical damage of the fire itself.
We find that the two year time limitation in the policy is not ambiguous. The plain meaning of that provision is that any action must be brought within two years of the fire. Therefore, the plaintiffs were required to bring suit within two years from the date of the fire. Because the plaintiffs' was commenced after the two year limitation period expired, the motion for summary judgment is granted.
It should be noted that the defendant was served one day after the two year limitation period expired.
General Statutes 52-593a(a) provides that:
 . . . a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
This statute does not save the plaintiffs' action, however, because 52-593a "applies only to limitations provided by law." Sacks Realty Co., Inc. v. Newark Insurance Co., 34 Conn. Sup. 564, CT Page 1304 566, 377 A.2d 858 (App. Sess. 1976). See also Monteiro v. American Home Assurance Co., 177 Conn. 281, 283, 416 A.2d 1189
(1979). Because the case at hand involves a contractual limitation period, General Statutes 52-593a cannot be invoked to save the plaintiffs' action.
Mary R. Hennessey, J.