[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Aetna Casualty Surety Company (Aetna), has moved for summary judgment in this action on the ground that the plaintiff failed to meet his contractual obligation of bringing suit within the time specified in an automobile insurance policy and thus is barred from relief. CT Page 2016
In a multiple count complaint, the plaintiff alleges that pursuant to a written contract with the defendant, plaintiff is entitled to recovery from defendant for injuries sustained in an automobile accident occurring on November 1, 1988. Defendant provided coverage to plaintiff through his mother for accidents resulting from uninsured tortfeasors. The plaintiff originally filed suit on October 31, 1990, However, some 13 months later, on December 6, 1991, the court dismissed the suit for failure to prosecute. The plaintiff implies that this failure was due in part to lack of notice because the law firm originally handling the case was no longer practicing. Shortly thereafter, plaintiff filed this suit on June 9, 1992, pursuant to Connecticut General Statutes 52-592.
The defendant concedes that the original action was filed before the time limitation stated in the policy. The section of the policy at issue here is Part F(2): "All claims or suits under Part C [uninsured and underinsured motorists coverage] must be brought within two years of the date of the accident." However, the defendant maintains that the plaintiff cannot bring this suit under 52-592 because that statute does not apply to limitations set by contract.
Connecticut General Statutes 52-592 provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been dismissed for want of jurisdiction, . . . or a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action, . . . for the same cause at any time within one year after the termination of the original action. . . ." Thus, the narrow issue before this court is whether this statute applies only to limitations set by law or also to limitations set by contract.
Connecticut courts have generally read 52-592 and analogous statutes[1] to apply only to limitations provided by law and not to those provided by contract. Torello v. Mutual of Omaha Insurance Co., 27 Conn. App. 910, affirming4 Conn. L. Rptr. 19, 606 A.2d 62 (1992); Sacks Realty Company, Inc. v. Newark Insurance Company, 34 Conn. Sup. 564,377 A.2d 858 (1976); Chichester v. New Hampshire Fire Insurance Co.,74 Conn. 510, 514, 51 A. 545 (1902). CT Page 2017
In Chichester the insurance policy sued upon required that the action under the policy be brought "within twelve months next after the fire." The plaintiff initially brought suit within twelve months after the fire, but that action was nonsuited. The plaintiff then brought suit under Chapter 193 of the Public Acts of 1895, the then existing version of52-592. The court affirmed a demurrer which was granted in favor of the defendant and stated:
 The insurer's promise to indemnify is not absolute, but modified by the promise of that insured to commence his action within twelve months. Upon failure to perform this condition the liability of the insurer under the contract ceases to exist . . . 74 Conn. at 513.
 The plaintiff's claim that Chap. 193 of the Public Acts of 1895 authorizes the bringing of this suit within one year after his nonsuit in the former action, is without foundation. That chapter is an amendment to the statute of limitations and does not affect this contract. 74 Conn. at 514.
The Sacks court held, "We are not permitted to read words into a statute merely because in our opinion such a construction might produce a desirable result." 34 Conn. Sup. at 565.
The practice of Connecticut courts is to construe the language of a statute by according the apparent intention of the legislature based on the entire language used. Donahue v. Dearborn, 5 Conn. Cir. Ct. 487, 490, 257 A.2d 41 (1969). The plaintiff goes into great detail about the language in52-592, stating specifically, "Had the legislature intended to exclude contract actions, they [sic] would have so specified. Instead the legislature carefully chose the word `any' action." Memorandum in Support of Objection to Summary Judgment, p. 7. The legislature, however, did specifically exclude contract actions. The entire phrase that plaintiff only partially cites is "If any action, commenced within the time limited by law. . . ." Conn. Gen. Stats. 52-592
(emphasis added). It is clear from the language that the legislature intended the statute to apply only to limitations of law and not of contract. CT Page 2018
The defendant's claim that 52-592 does not apply to contracts is in accordance with Connecticut law. The time limitation stated in the policy is a condition precedent to recovery, a valid contractual obligation which the plaintiff failed to meet. The Connecticut Supreme Court held, "Where a contract makes a provision for the performance of an obligation, a court cannot import into the agreement some other and different provision for carrying out that obligation." Monteiro v. American Home Assurance Company,177 Conn. 281, 285, 416 A.2d 1189 (1979). In Monteiro, the plaintiff's attorney became ill and therefore, filed the action almost a year past the time limitation expressed in the fire insurance policy. In siding with the defendant, the court stated, "[T]he law of contracts does not recognize such an excuse or justification for . . . nonperformance." Id. at 285. In the case at bar, the plaintiff's attorneys ceased to practice law. This, however, is not a justifiable defense to nonperformance of a contractual obligation and plaintiff is not entitled to relief under contract law unless some other contract defense exists that does not involve 52-592, since that statute is inapplicable to limitations set by contract.
The granting of a motion for summary judgment is proper when pleadings, affidavits and any other proof submitted "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Practice Book 384. Since the parties agree that the original action was dismissed for failure to prosecute and that the present action was filed past the limitation stated in the insurance policy, there is no genuine issue as to any material fact. Although the circumstances are unfortunate for the plaintiff in this case, the law cannot be ignored.
For the reasons set forth above, a summary judgment may enter in favor of the defendant.
BY THE COURT: Aurigemma, J.