[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTIONS AND EXCEPTIONS TO THEREPORT OF THE ATTORNEY TRIAL REFEREE
STATEMENT OF THE CASE
On March 30, 1995, the plaintiff, Joseph Bocchino Jr., filed a one count complaint seeking to collect insurance proceeds from the defendant, Nationwide Mutual Fire Ins. Co. The plaintiff alleges in his complaint that he was the owner of a two-family dwelling and garage located at 143-47 Alice Street in Bridgeport, Connecticut, which property was covered by an insurance policy issued by the defendant. The plaintiff further alleges in his complaint that the garage was destroyed by fire on November 16, 1991, and that despite notification of the loss, the defendant has refused to pay for the loss under the terms of the policy. The plaintiff also alleges that this action is brought pursuant to General Statutes § 52-592, for accidental failure of suit, as the original action, Bocchino v. Nationwide Mutual Fire Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 299829, was dismissed under Practice Book § 251.
The case was heard before an attorney trial referee, Robert R. Goldberger (referee), who issued his findings of fact and report on May 7, 1996. The referee found the following facts in his report: The plaintiff insured the property under a policy issued by the defendant on March 3, 1990, through its agent, Joel G. Angelovic; the policy provided for continuous renewal; that on October 11, 1990, the coverage for other structures was increased from $9000 to $40,000; on November 16, 1991, the detached garage was damaged by fire; the defendant paid for personal property loss in the amount of $12,337.59 on October 16, 1992; the plaintiff's property loss sworn statement in the amount of $47,592.00 was rejected by the defendant on March 16, 1992, on the ground that the structure was "used in part or in whole for commercial business purposes"; the plaintiff brought suit against the defendant on November 6, 1992, within one year of the date of CT Page 1474 loss; the action was dismissed on June 24, 1994, under Practice Book § 251 for failure to prosecute with due diligence; the present action was brought in March 1995, within one year of the accidental failure of the initial action; the plaintiff testified that the garage contained office space and equipment stored for use at his delicatessen; the defendant's claim that the garage was used for other business is speculative and without any testimony as to such use; and, the plaintiff paid about $5000 for some repairs on the garage, and made some other repairs without stating their value. The referee determined that the plaintiff's claim was properly brought under § 52-592, and recommended judgment in the amount of $28,336.45, with interest due from March 24, 1995 to February 7, 1996.
Both parties filed motions to correct. See Practice Book § 438. The referee denied the defendant's motion to correct in its entirety. The referee granted the plaintiff's motion to correct only in regard to the calculation of prejudgment interest recoverable as part of the damages.
Pending before the Court are the defendant's exceptions and objections to the referee's report. Also pending before the Court are plaintiff's motion for judgment on the report and defendant's objection to this motion.
The defendant's exceptions and objections to the report raised numerous evidentiary and legal arguments, including the argument that the plaintiff's claim is barred by the one year time limitation established under the insurance policy for instituting an action against the defendant. Because the Court finds this argument dispositive, the other issues raised by the defendant will not be reached.[1]
 DISCUSSION
"The trial court is authorized to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . In a matter heard before an attorney trial referee, the trial court's nondelegable duty to render judgment turns on its ability to determine the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.) National Elevator Industry v. Scrivani,31 Conn. App. 728, 732-33, 626 A.2d 1332 (1993), rev'd on other grounds, 229 Conn. 817, 644 A.2d 327 (1994). "An attorney referee is a factfinder whose determination of the facts is reviewable in CT Page 1475 accordance with the rules of practice found in Practice Book § 428 through § 444. . . . If a party wishes to have the facts added to or corrected, or to have a ruling on evidence set forth, he must file a motion to correct the report which is then acted upon by the referee. . . . If the referee does not make the requested change, the moving party may file an exception seeking to have the court correct the report. . . . The court will not consider an exception unless its subject matter has been submitted to the referee. . . . A party may file objections to acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings." (Citations omitted.)Bernard v. Gershman, 18 Conn. App. 652, 654-55, 559 A.2d 1171
(1989). "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. . . . Where evidence is in conflict, its probative force is for the trier of fact to determine." (Citation omitted.) Id., 656.
In the present case, the plaintiff's "Elite II Homeowners Policy" provides in Section 1-Conditions (7) that "[n]o action can be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage." The plaintiff filed an earlier action within the one year limitation period of the contract, but this first action was dismissed for failure to prosecute. The plaintiff subsequently instituted the present case within one year after the dismissal of the first case. Plaintiff argues that the present action may be deemed timely filed pursuant to the provisions of General Statutes § 52-592, which provides in relevant part that if an action commenced within the "time limited by law" has been dismissed for "any matter of form" a new action for the same cause may be filed within one year of the dismissal. The defendant, on the other hand, argues that under controlling case law, § 52-592 does not sanction the filing of this second action beyond the one year limitation period of the contract. The Court agrees with the defendant.
"Since a provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy unless the provision has been waived or unless there is a valid excuse for nonperformance; and such a condition requiring suit to be brought within one year does not CT Page 1476 operate as a statute of limitations. . . . This condition is a part of the contract so that it controls the rights of the parties under the contract and, hence, such rights must be governed by the rules of law applicable to contract." (Citations omitted.) Monteiro v. American Home Assurance Co., 177 Conn. 281,283, 416 A.2d 1189 (1979).
An action dismissed for failure to prosecute under Practice Book § 251, may be reinstituted pursuant to § 52-592.Lacasse v. Burns, 214 Conn. 464, 465-66, 572 A.2d 357 (1990). However, the Supreme Court in Chichester v. New Hampshire FireIns. Co., 74 Conn. 510, 512-13, 51 A. 545 (1902), stated that a condition within a contract of insurance requiring that suit be brought within one year after the fire "does not operate as a statute of limitations; it is part of the contract, and must be governed by the rules of law applicable to contracts. Such a provision in a contract is valid and binding upon the parties. . . . The insurer's promise to indemnify is not absolute, but modified by the promise of the insured to commence his action within twelve months. Upon failure to perform this condition the liability of the insurer under the contract ceases to exist; but the remedy of the insured for any cause of action he may have under contract is not affected, and is governed by the statute of limitations. The performance of the condition to bring suit within the specified time may be waived by the insurer. It may be excused upon the existence of such facts as, by the law of contract, will excuse the performance of such a condition. . . ."
The plaintiff in Chichester commenced an action within one year, which was nonsuited, and then brought another action pursuant to Chap. 193 of the Public Acts of 1895, a predecessor statute to § 52-592. The court stated that "[t]he plaintiff's claim that Chap. 193 of the Public Acts of 1895 authorizes the bringing of this suit within one year after his nonsuit in the former action, is without foundation. That chapter is an amendment to the statute of limitations and does not affect this contract." Id., 514; accord Cherry v. Aetna Casualty SuretyCo., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 512960 (February 23, 1993, Aurigemma, J.,8 CSCR 292); see also Torello v. Mutual of Omaha Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 308169 (August 30, 1991, Flanagan, J., 4 Conn. L. Rptr. 480), aff'd, 27 Conn. App. 910, 606 A.2d 58 (1992). CT Page 1477
The plaintiff relies on Proto v. American Casualty Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 070146 (March 18, 1994, Walsh, J.) and Lanza, Inc. v.Travelers Indemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 261409 (April 7, 1993, Spear, J.), however, those cases do not discuss the Supreme Court's decision in Chichester, which is binding authority and which represents the majority rule on this issue. See 20A Appleman Insurance Law and Practice § 11618 ("The majority of Courts have held that the filing of one suit, which later is dismissed, does not toll the time for action upon an insurance policy, and a later suit, filed after the contractual period has expired has been held too late.").
Additionally, other courts have held that an analogous statute, General Statutes § 52-593a, does not allow the one year limitation provided by contract to be extended by a statutory provision applicable to statutes of limitations. SeeSacks Realty Co. v. Newark Ins. Co., 34 Conn. Sup. 564, 565-66
(App. Sess. 1976); Mahar v. Connecticut Ins. Placement Facility,40 Conn. Sup. 299, 301, 494 A.2d 631 (Bieluch, J. 1985); Paganov. Allstate Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 345215 (June 22, 1994, Hartmere, J., 9 CSCR 775).
No evidence has been offered by plaintiff or found by the referee indicating that defendant waived this time limitation provision of the policy. The plaintiff has argued that §52-592 is applicable, but he has not pointed to any facts indicating that performance of the condition was waived or excused. As the plaintiff did not commence this action within the time limited by contract and the time limitation has not been waived, the defendant cannot be found liable under the policy.
CONCLUSION
Therefore, for all the foregoing reasons, the Court rejects the judgment recommended by the referee. The defendant's objections to the referee's report and to the entry of judgment as recommended by the report are sustained. Plaintiff's motion for judgment on the report is denied.
Judgment hereby enters in favor of the defendant.
Dated this 14th day of February, 1997. CT Page 1478
STEVENS, J.