HARRY MONTEIRO *v.* AMERICAN HOME ASSURANCE COMPANY ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued February 6—decision released April 10, 1979

*Dale W. Radcliffe,* with whom, on the brief, was *Samuel J. Lazinger,* for the appellant (plaintiff).

*John J. Cotter,* for the appellees (named defendant et al.).

*Edward M. Sheehy,* for the appellee (defendant Continental Casualty Company).

COTTER, C. J. This action was brought upon three policies of insurance against fire issued to the plaintiff by the defendant insurance companies. Morris Bufferd & Sons, Inc., an insurance agent who sold the policies to the plaintiff, was joined in the second count of the complaint as a party defendant. The structure insured, owned by the plaintiff, was damaged by fire on March 25, 1972. On February 6, 1974, he commenced this law suit in two counts to recover damages on the fire insurance policies by service on the insurance commissioner of the state of Connecticut. The defendants American Home Assurance Company and the Jefferson Insurance Company filed, inter alia, a special defense claiming that the plaintiff failed to comply with the policy provisions regarding bringing suit within one year of the alleged loss. The defendant Continental Casualty Company filed, inter alia, a defense that the plaintiff's claims were barred by the "one-year Statute of Limitations"; General Statutes § 38-98; and claimed that the action was barred under the policy provisions.

General Statutes § 38-98 provides in part: "The standard form of fire insurance policy of the state of Connecticut . . . shall be as follows: . . . Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." The three fire insurance policies held by the plaintiff contained the preceding clause quoted from § 38-98.

Since a provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy unless the provision has been waived or unless there is a valid excuse for nonperformance; and such a condition requiring suit to be brought within one year does not operate as a statute of limitations. *Chichester* v. *New Hampshire Fire Ins. Co.*, 74 Conn. 510, 512–13, 51 A. 545; *Chambers* v. *Atlas Ins. Co.*, 51 Conn 17; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.*, 31 Conn. 517, 529. See *Sacks Realty Co., Inc.* v. *Newark Ins. Co.*, 34 Conn. Sup. 564, 565, 377 A.2d 858. This condition is a part of the contract so that it controls the rights of the parties under the contract and, hence, such rights must be governed by the rules of law applicable to contracts. *Chichester* v. *New Hampshire Fire Ins. Co.*, supra, 513.

The crucial issue in this case, as framed by the plaintiff, is whether he was excused from performance of the contractual condition in the policies, which is also contained in § 38-98 of the General Statutes, to bring suit within twelve months next after the inception of the loss because his compli-

ance was "rendered impossible through the existence of such facts as by the law of contract will excuse the performance of such a condition." *Vincent* v. *Mutual Reserve Life Fund Assn.,* 74 Conn. 684, 686, 51 A. 1066. The plaintiff argues that his counsel was under such a "legal disability" as to permit an extension of time within which to bring this action. It is conceded that the plaintiff's original attorney retained to represent him, as found by the trial court, was both physically and mentally incapacitated during the first twelve months immediately following the fire. The record is abundantly clear and well documented with counter affidavits to support the court's finding indicating that his original attorney was suffering from, among other ailments, reticulum cell sarcoma of the skull and was continuously in declining health from approximately March, 1972, when his illness was first discovered, until November 29, 1974, when he died.

The plaintiff, citing *Wasserman Theatrical Enterprises, Inc.* v. *Harris,* 137 Conn. 371, 77 A.2d 329, argues that he relied upon his original attorney to protect his interests since he was ill equipped and unable to bring an action in his own behalf "as would have been required by a literal application of the insurance policy"; and that, under the given circumstances of the present case, "the obligation is discharged if he is prevented by such sickness and disability [of his lawyer] from performing it." In *Wasserman,* however, the defendant agreed to present Walter Huston, a noted actor, in a theatrical performance, but the contract provided that in case of illness no claim for damages would be made. The actor canceled that performance due to a serious throat condition and the defendant was held not liable for the cancellation of the contract. The

court stated that an agreement for personal services, in the absence of a manifested contrary intention, is always subject to a condition implied by law, that a person who is to render services shall be physically able to perform at the appointed time. By contrast, the contracts in the present case were not agreements for the performance of personal services expressly or impliedly conditioned upon the ability of the plaintiff's *lawyer* to protect satisfactorily the plaintiff's interests. Where a contract makes provision for the performance of an obligation, a court cannot import into the agreement some other and different provision for carrying out that obligation. *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 440, 45 A.2d 120.

The plaintiff refers to situations in which the legislature has recognized the problem of mental and physical disability of parties and attorneys and has included "saving devices" in various statutes. Those statutes, however, are inapplicable here and the plaintiff agrees they are "not on point as to the issues raised" herein. Thus, his reliance on the general six-year statute of limitations, General Statutes § 52-576, relating to simple or implied contracts, which provides that any person who is "legally incapable of bringing any such action at the accruing of the right of action may sue at any time within three years next after becoming legally capable of bringing such action," is misplaced, since the attorney was not a party to the contract. See *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 400, 401, 99 A. 1048.

The tragic illness of the plaintiff's lawyer cannot excuse the plaintiff's nonperformance of the contractual conditions in the fire policies to commence suit within a specified time agreed to by the

plaintiff, a party to the insurance contracts. His original attorney, whom the trial court found to be physically and mentally unable to function during those crucial months after the fire, was neither a party to the contracts with the insurance companies nor a person identified as essential to the performance of the plaintiff's contractual duties. It would appear that the plaintiff had sufficient time to become cognizant of his attorney's serious condition, and that he, as a party, was not prevented from bringing a lawsuit within the specified time. Whether the plaintiff's failure in this case was due to his own inadvertence, his inattention, or simply as a result of his faith in the competence of his counsel, the law of contracts does not recognize such an excuse or justification for his resultant nonperformance. See Corbin, Contracts §§ 1329, 1340, 1366; cf. Restatement (Second) of Contracts, § 282 (Tent. Draft No. 9, 1974).

The granting of a motion for summary judgment is proper when the pleadings, affidavits and any other proof submitted "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book, 1963, § 303; *Town Bank & Trust Co. v. Benson,* 176 Conn. 304, 306, 407 A.2d 971; *United Oil Co. v. Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596; *Rathkopf v. Pearson,* 148 Conn. 260, 263, 170 A.2d 135. In the present case, the pleadings, affidavits and supporting documents indicated that the parties were not at issue as to any material fact relating to the plaintiff's failure to bring suit within one year of the alleged loss as required by the contracts of insurance. Since, as we have held, the plaintiff was not, as a matter of law, excused from performance in accord-

ance with the policy provisions due to the incapacity of his attorney, the trial court did not err in granting summary judgment in favor of the defendants.

There is no error.

In this opinion the other judges concurred.