Plaintiff brought this action in two counts, the first alleging breach of contract and the second, unjust enrichment. Plaintiff and defendant entered into a written contract in May, 1987 under which plaintiff, as a subcontractor of defendant, was to perform roofing and related work on the K. T. Murphy School in Stamford, Connecticut. Plaintiff began work in September, 1987. In June, 1988, defendant sent plaintiff a punch list which contained five items relating to plaintiff's work. On July 27, 1988, plaintiff responded to the items on the punch list. On August 8, 1988, the manufacturer of the rubber roofing system inspected the installation of the roof and issued its warranty on September 26, 1988 to plaintiff. Plaintiff never delivered it to defendant or to the owner of the building, the City of Stamford. Further, the testimony revealed that the work on the job was not accepted by the City of Stamford and that final payment has not been made. Stamford and the defendant have been in arbitration on the prime contract for some two to three years. CT Page 5740
According to the subcontract, action on the subcontract must be brought within one year after "the last Work was performed or material was furnished under the Subcontract." When the inspection was done by the manufacturer on August 8, 1988, the work of plaintiff had been completed. Indeed, president of plaintiff, George Platt, testified that all work had been completed by the time he responded to the punch list in July, 1988. This action was begun in September, 1988 when it was served on defendant on September 13, 1988 with a return date of October 10, 1988, more than one year after the last work was performed. Plaintiff's failure to commence this action timely was raised as a special defense by defendant. Such contractual limitations have been held valid obligations under a contract providing a defense to the late filed action unless waived or a valid excuse is provided for nonperformance. Neither has been done here. See Monteiro v. American Home Assurance Co., 177 Conn. 281, 283 (1979) and cases cited therein. Plaintiff was aware that defendant disagreed with its claim to having performed its work satisfactorily and with its calculation of the balance owed under the contract by the end of 1988. Defendant did not waive this contractual requirement. Defendant has sustained its burden of proof on this special defense.
Defendant raised another special defense that defendant has not received final payment on the prime contract and, therefore, plaintiff is not entitled to final payment. The contract provides for final payment "thirty days after completion of the Work . . . and its acceptance by Owner and Contractor, provided Contractor shall have received its Final Payment from the Owner under the Prime Contract." The evidence at trial established that defendant has not received final payment from the owner, City of Stamford. In fact, defendant and Stamford are now in arbitration over the prime contract. Defendant's former vice president testified that he was not aware whether the roof was accepted by the owner and recalled that the roof was the subject of claims made by the City of Stamford. While the architect on the project was unsure whether the arbitration includes work done by plaintiff, he did testify that the City did not accept the work nor did it make final payment. Defendant has sustained its burden on this special defense, as well. Judgment will enter for defendant.