[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO VACATE ARBITRATION AWARD
Plaintiff brings this action to vacate an arbitrator's award because the "arbitrator exceeded his power and/or CT Page 5078 [sic] imperfectly executed them in finding the issues of coverage in favor of the defendant, and, specifically, in concluding that coverage under the defendant's automobile liability policy must be prorated with" another policy.
Facts
On October 6 or 7, 1990, plaintiff, while a pedestrian, was struck by an uninsured motor vehicle. At that time the claimant was insured under an automobile liability insurance policy issued by defendant which provided for $50,000 of uninsured motorist's (U.M.) coverage.
At that time plaintiff's father and stepmother were insured under an automobile liability insurance policy with The Aetna Casualty and Surety Company (Aetna) which provided $300,000 in U.M. coverage for each of two vehicles. Because payment on that policy was made by separate premiums on each vehicle the UM coverage was stacked and became $600,000. Plaintiff at that time was a resident relative in his father's home, and a covered person under the Aetna policy.
Both the defendant's and Aetna's policies have an "other insurance" clause which contained a `pro rata' clause on payment of damages." The Aetna clause is as follows:
 If other similar insurance applies to the loss, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collected insurance.
The defendant's "other insurance" clause is as follows:
 If there is other applicable similar insurance, we will not pay for any damages which would duplicate any payment made for damages under such similar insurance. However, any insurance we provide with respect to a vehicle you do not CT Page 5079 own, to which other similar insurance is applicable, shall be excess over such other applicable insurance. (See plaintiff's memorandum of December 30, 1993).
As a result of the accident with the uninsured motorist, the plaintiff was injured. He then started arbitration proceedings against the defendant for U.M. benefits under its policy but we are not told that date. He brought no action against the Aetna because the Aetna "has a two year suit clause" and at the time of arbitration he could make no claim under that policy. The Aetna policy has no provision for arbitration.
No formal submission was presented to the arbitrator. However, the court has received copies of portions of the arbitration transcript in which, after a slightly confusing colloquy about "stipulating" and "submitting" attorney Mark Gould speaking for defendant says, "That is the submission and I will leave it to the arbitrator to determine whether it's related."
On July 17, 1993 the arbitration hearing was held before a sole arbitrator who on August 13, 1993, issued what appears to be an award in the following language:
"WHEREFORE, after due consideration of all the evidence, I find that the pro rata apportionment of each policy is assessed at 92.3% for Aetna and 7.7% for the respondent, USFG. The respondent's pro rata share of the fair, just and reasonable damages assessed is 7.7% or $2,695.00 less a set off for no fault benefits paid in the amount of $1,117.00 making the net due petitioner from the respondent for its share of the damages sustained, the sum of $1,578.00."
Law
Clearly the arbitrator considered the Aetna policy in making his decision and award even though Aetna itself was not a party to the arbitration proceedings. The defendant's policy has an "other" insurance clause which defendant claims includes the Aetna policy. If it does the award will not be vacated. CT Page 5080
The arbitrator named and addressed three issues. The first was the amount of damages that would be fair, just and reasonable for plaintiff's injury. He found that amount to be $35,000. No one has questioned that finding.
The second issue was whether plaintiff "was insured for uninsured motorist benefits under the . . . Aetna policy as a resident relative." The arbitrator found he was a resident relative and thus a covered person under the Aetna policy. No one has questioned either that finding or conclusion.
The third and decisive issue was whether defendant "is entitled to an apportionment of damages on a pro rata basis with the Aetna policy" even though the plaintiff made no claim for uninsured motorists' benefit under that policy. The arbitrator found defendant was entitled to such apportionment. He took the position that as to the U.M. coverage the crucial time was the date of the accident.
Although there is some discussion and even a stipulation that the benefits under the Aetna policy were not available or accessible to plaintiff because of a statute of limitations at the arbitration hearing the record reveals they were not available because of the Aetna policy provisions. Such a provision "is a valid contractual obligation." Monteiro v. American HomeInsurance Co., 177 Conn. 281, 283.[1]
Thus the question is whether the plaintiff is limited in his collection rights as against the defendant because at the time of the accident he had legally equal UM coverage rights against another insurance company.
It is true that under the Aetna policy he had no right to arbitration. He did have on the date of the accident the right to sue. If he had sued only Aetna within the policy time limitation and promptly gotten a judgment for $35,000 and collected that sum, he could be awarded nothing by the arbitrator here. Gionfriddo v. Gartenhaus Cafe,211 Conn. 67, 71-72.
In the past a plaintiff could choose to sue only one of two or more joint tortfeasors. Even if he sued two or more he could still elect to collect from only one. That CT Page 5081 was modified by statute in 1986. P.A. 86-338, Sec. 3. Here the plaintiff chose to seek benefits in arbitration from only one of two parties against whom he had substantially equal legal rights,[2] albeit procedurally different.
The language in both policies anticipates both UM benefits will be available in each and in our situation will be prorated. That's what plaintiff contracted for. That's what he knew or should have known was the expectation of all parties before the contractual limitations period under the Aetna policy had run. In P.A. 86-338 and its later amendments the legislature has made it clear that the old "all or nothing" approach is passe. Now, we have comparative responsibility by statute.
Plaintiff argues that the use of the word "applicable" in defendant's other insurance clause has significance. The court notes it is in effect used in the Aetna clause. Whether a clause says, "If other similar insurance applies to the loss . . ." or, "If there is other applicable similar insurance" is no real difference. The question is whether it applies to or is applicable to "the loss" (Aetna) or "the damages" (defendant). The loss occurred at the time of the accident. The damages were sustained at the time of the accident. It was then that applicability was determined.
If we compare the statute, C.G.S. § 38a-336, we see the legislature has determined that the public policy is that UM coverage comes into effect after the limits of liability under all liability policies "applicable at the time of the accident have been exhausted by payment of judgments or settlements."
The arbitrator found plaintiff's proposal "patently inequitable."[3] This court finds that the defendant's policy provides for apportionment of the damages under the UM clause with the UM benefits available from Aetna at the time of the accident.
The plaintiff has not sustained his burden of proof.
Application to vacate is denied. CT Page 5082
N. O'Neill, J.