[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Norfolk Dedham Mutual Fire Insurance Company (Norfolk), has moved for summary judgment against the plaintiff, Pacific Northwest Capital, Inc. (Pacific).
The defendant Norfolk submitted a memorandum of law in support of its motion for summary judgment. The basis for this motion is (1) there is no issue of material fact as to the lack of a contractual relationship between the plaintiff Pacific and Norfolk; (2) the action of the plaintiff is barred by the one-year suit limitation provision in the policy of insurance on which plaintiff purports to sue; (3) this action is also legally barred by Connecticut General Statutes § 52-576; (4) the plaintiff cannot escape the time bar imposed by the statute of limitations by attempting to bring this suit under the Accidental Failure of Suit statute, Connecticut General Statutes § 52-592; and (5) Norfolk holds a valid assignment of the New London Federal Savings Loan mortgage.
FACTS
The undisputed facts are that Norfolk issued an insurance policy to Donald and Linda Chapman effective October 7, 1988, to October 7, 1989. Through the policy, Norfolk provided insurance coverage for the Chapmans' property located at 463 Pumpkin Hill Road, Ledyard, Connecticut (Chapman property). The policy contained a one-year suit limitation provision, barring any action "unless the policy provisions have been complied with and the action is started within one year after the date of loss." On February 7, 1989, the Chapman property was partially destroyed by fire. On July 4, 1989, the Chapman property was entirely destroyed by fire.
In response to the Chapman's claim for insurance proceeds arising from the July 4, 1989 fire, Norfolk denied coverage on the grounds that the Chapmans had breached the terms of the insurance policy by their actions, including arson and fraud or misrepresentation by one or both of the Chapmans. Subsequently, the Chapmans sued Norfolk alleging breach of CT Page 5256-UUUUUU contract of insurance, bad faith, violations of CUTPA and CUIPA, and intentional infliction of emotional distress.[1] After a three-month jury trial, the jury found in favor of Norfolk on all counts, determining, among other things, that Linda Chapman and Donald Chapman had intentionally misrepresented material facts regarding the fire loss and their insurance claim, and that the fire was an arson fire caused by Donald Chapman.
During the litigation and pursuant to its obligations under the insurance policy, Norfolk paid Coastal Savings Bank, formerly known as New London Federal Savings Loan Association, the mortgagee named in the policy, for its outstanding mortgage debt. Under the terms of the policy, Norfolk took an assignment of the mortgages.
At the time of the fires in 1989, there were numerous liens on the Chapman property. One lienholder was Connecticut Bank Trust (CBT), which held two mortgages totalling approximately $70,000. (Complaint, first count, paragraph 6.)[2]
The Federal Depositors Insurance Corporation (FDIC) subsequently took over CBT and transferred or assigned its interest to the plaintiff herein, Pacific Northwest. (Complaint, first count, paragraph 6.)
On June 28, 1995, Pacific filed a complaint against Norfolk, seeking to quiet title as to the Chapman property and alleging breach of contract for Norfolk's alleged failure to reimburse Pacific for the loss occasioned by the fire. On September 15, 1995, Norfolk moved to dismiss the action for insufficiency of service of process. While this motion was pending, Pacific voluntarily withdrew the lawsuit on October 19, 1995.
By writ, summons and complaint dated November 19, 1995, Pacific then brought this action, alleging the same two counts as originally pled in its June 28, 1995 complaint. By the time of the filing of the instant action, six years and four months had elapsed since the date of the fire loss on July 4, 1989.
DISCUSSION
The defendant claims there was no contract between the parties. The only mortgagee identified as an insured on the policy was New London Federal Savings Loan. While the CT Page 5256-VVVVVV plaintiff claims that its predecessor in interest, CBT, was named as an insured, the court finds no such identification as claimed. (See Exhibit 6 to defendant's motion). Since there is no genuine issue of material fact as to any contractual duty running from the defendant to the plaintiff, Norfolk is entitled to judgment as a matter of law.
Although this finding of the court is dispositive of the case, the court also finds that even if there were such a contract as claimed, the one-year suit limitation provision in the Norfolk policy precludes any action on the policy brought more than one year after the date of the loss. Such policy provisions have been upheld by the Supreme Court. Monteiro v.American Home Assurance Co., 177 Conn. 281 (1979), in which the court held that "a provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation [and] a failure to comply therewith is a defense to an action on the policy. . ." Id. at 283.
The loss occurred July 4, 1989. Pacific did not bring this action until November 8, 1995. The action is therefore time barred. The action is also time barred under Connecticut General Statutes § 52-576 and cannot be brought under the accidental failure of suit statute. First, because there was no written contract between the parties; and second, even if the six-year limit did apply, this period expired on July 4, 1995.
Finally, the policy contained a clause which permitted Norfolk to pay the mortgage debt and require an assignment thereof. This provision allows the insurer to pay off a mortgage debt and take an assignment of the mortgage on the basis of a good faith claim of non-liability to the mortgagor.
In this case, Norfolk took a valid assignment of the Norfolk mortgage on August 1, 1990, from Coastal Savings Bank, formerly New London Savings and Loan. Therefore, there is no issue of material fact as to the priority of the interest held by Norfolk as opposed to Pacific. Norfolk is therefore entitled to judgment as a matter of law.
For all of the above reasons, the defendants' motion for summary judgment is hereby granted.
Hurley, J. CT Page 5256-WWWWWW