[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Metropolitan Casualty and Property Insurance Company moves for summary judgment. For the reasons stated below, the motion is granted as to the first count and denied as to the second count.
This lawsuit arises out of the plaintiffs' efforts to collect insurance benefits from the defendant insurance company for a loss allegedly incurred by the plaintiffs when property was stolen from their house on June 1, 1994. In the first count of their complaint, the plaintiffs allege the defendant breached an insurance contract when it failed to pay the plaintiffs' claim for insurance benefits. In the second count, they allege the defendant's conduct in reviewing and denying the plaintiffs' claim constitutes an unfair insurance practice in violation of General Statutes § 38a-815 et seq. (CUIPA) and an unfair trade practice in violation of General Statutes § 42-110a et seq. (CUTPA).
The defendant insurance company moves for summary judgment on four grounds.[1] The company contends (1) the plaintiffs' claims are barred because the plaintiffs failed to commence this lawsuit within a limitation period set forth in the insurance contract; (2) the plaintiffs' claims are barred under the doctrine of judicial estoppel; (3) the plaintiffs have failed to "support" their claim of "bad faith" as asserted in paragraphs 7 (a) and 7 (b) of the second count; and (4) the plaintiffs have failed to allege the essential elements of a CUIPA/CUTPA claim.
The first ground is based on the time limitation contained in the policy. This provision is as follows: "Suits Against Us. No suit or action may be brought against us by you unless there has been full compliance with all policy terms. Any suit or action must be brought within twelve months of the date of loss." The plaintiffs brought this suit after the twelve month period expired. The loss occurred on June 1, 1994. The defendant denied the claim on December 7, 1994. The plaintiffs brought suit on November 13, 1995. A provision in an insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation and a failure to comply with such a provision is a defense to an action on the policy. Monteiro v. American HomeCT Page 334Assurance Co., 177 Conn. 281, 283, 416 A.2d 1189 (1979). Unless the time limitation provision is ineffective in this case, the first count is barred by the limitation.
The plaintiffs contend that there is a genuine issue of fact as to the defendant's being estopped from relying on the twelve month provision due to defendant's delay in responding to the plaintiff's claim for insurance benefits. "Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse." (Internal quotation marks omitted.) Boyce v. AllstateIns. Co., 236 Conn. 375, 383-84, 673 A.2d 77 (1996). "[E]stoppel always requires proof of two essential elements: the party against whom estopped is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Id., 385. If there are facts on which an estoppel can be based, the motion for summary judgment must be denied.
To show that there is an issue of fact, the plaintiffs have submitted the affidavit of plaintiff Fred Wheeler. He avers that "in June of 1994 our home was broken into and several items were stolen. . . . [We] promptly notified the police and the defendant of the loss. . . . [D]espite repeated requests for a response the defendant failed to respond to our claim until December 7, 1994[2], at which time the defendant notified us the [it] would not pay our claim. . . . [T]he defendant notified us of their refusal to change [its] position by letter to our attorney dated June 23, 1995[3]. . . . [T]his action was commenced thereafter. . . ." (Affidavit in Support of Objection to Motion for Summary Judgment.) This affidavit is the only evidence that the plaintiffs have submitted in opposition to the motion for summary judgment.
In response to the plaintiffs' estoppel theory, the defendant has submitted documentary evidence that shows how the company dealt with the plaintiffs. By letter dated August 3, 1994, the defendant requested that the plaintiffs submit a proof of loss.[4]
(Supplemental Memorandum of Law in Support of Defendant's Motion to Reargue, Exhibit D.) By a separate letter dated August 3, CT Page 335 1994, the defendant requested that the plaintiffs submit to an examination under oath on October 7, 1994.[5] (Supplemental Memorandum in Support of Defendant's Motion to Reargue, Exhibit E.) By letter dated August 5, 1994, the defendant agreed to reschedule the examination under oath to August 15, 1994.[6]
(Supplemental Memorandum in Support of Defendant's Motion to Reargue, Exhibit F.) The defendant examined both plaintiffs on August 15, 1994. (Supplemental Memorandum in Support of Defendant's Motion to Reargue, Exhibits G H.) Thereafter, by letter dated December 7, 1994, the defendant denied the plaintiffs' claim.[7]
By letter dated December 13, 1994, Fred Wheeler objected to the defendant's denial of the plaintiffs' claim and asked that "you [the defendant] reconsider and advise at your earliest convenience. Please note, if I do not hear from you within two weeks (12-18-94) I will likely proceed with the courts and the Insurance Dep't [sic] of the State."[8] (Supplemental Memorandum in Support of Defendant's Motion to Reargue, Exhibit K.) By letter dated December 23, 1994, the defendant acknowledged receipt of Fred Wheeler's letter dated December 13, 1994 and indicated that it reviewed the facts of the plaintiffs' claim and that it would stand by its original denial.[9] (Supplemental Memorandum in Support of Defendant's Motion to Reargue, Exhibit L.) By letter dated March 29, 1995, Attorney Thomas Battaglia stated that he represented the plaintiffs in relation to the claim filed with the defendant and indicated that it was his opinion that the actions of the defendant may amount to a CUIPA violation. (Supplemental Memorandum in Support of Defendant's Motion to Reargue, Exhibit M.)[10]
The plaintiffs commenced this litigation on November 13, 1995, which was more than twelve months after the loss. None of the affidavits or documents produced by either the plaintiffs or defendant show, directly or indirectly, that the defendant lead the plaintiffs into believing that the time for commencing suit would be enlarged. The defendant repeatedly indicated that it reserved all its rights and defenses under the contract. There is no evidence that the plaintiffs changed their position in reliance on the defendant's conduct. Rather, the documentary evidence shows that the plaintiffs consulted and retained legal counsel well in advance of the expiration of the twelve month period. This court concludes that, with respect to the time limitation as it pertains to the first count, the defendant has demonstrated that there is no genuine issue of material fact and CT Page 336 that it is entitled to judgment as a matter of law.[11]
The defendant also moves for summary judgment on the second count, which is based on CUIPA and CUIPA violations. The defendant first argues that this count, like the first count, is barred by the twelve month limitation. The CUTPA and CUIPA claims, however, are not actions based upon the insurance contract. Consequently, these claims are not subject to the time limitation set forth in the contract. Lees v. Middlesex Ins. Co.,219 Conn. 644, 653-54, 594 A.2d 952 (1991). The plaintiffs timely sued on these claims.
The defendant next argues that it is entitled to summary judgment based on the doctrine of judicial estoppel. The defendant claims that when the plaintiffs filed a petition in the bankruptcy court in 1990 they failed to disclose personal assets, including a men's gold watch and gold cuff links, and that they should not now be allowed to take an inconsistent position by claiming these items were stolen when their house was broken into. It is questionable whether the doctrine of judicial estoppel applies since the defendant was not a participant in the bankruptcy proceeding. Nevertheless, the plaintiffs have shown that a question of fact exists on this issue. They state that they relied on the advice of counsel and did not intend to mislead anyone. This issue is inappropriate for determination by way of summary judgment.
The defendants contend that the plaintiffs have failed to support their claim of bad faith as alleged in paragraph 7 (a) and (b) of the second count. By "support," the defendant means the plaintiffs have not alleged facts necessary to support a claim for a bad faith breach of contract. See L.F. Pace Sons.Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46,514 A.2d 766 (1986). In these paragraphs, the plaintiffs merely tract the language of General Statutes § 38-816 (6)(b) and (f). In paragraph 7 (b) of the second count, the plaintiffs accuse the defendant of "not attempting in good faith to effectuate a prompt, fair and equitable settlement of the plaintiffs' claim." These allegations do not set forth a claim for punitive damages but are part of the CUIPA/CUTPA claims. This contention is not a basis for granting summary judgment.
Finally, the defendant argues that it is entitled to summary judgment on the second count because the plaintiffs have insufficiently pleaded a cause of action based on violations of CT Page 337 CUIPA and/or CUIPA. Where a "defendant is challenging the legal sufficiency of the complaint by way of a motion for summary judgment, rather that motion to strike, it cannot avail itself of . . . pleading deficiencies which would have been corrected as of right by the plaintiff's filing a substitute pleading pursuant to Practice Book § 157 had a motion to strike been filed."Gunther v. Maryland Casualty Co., Superior Court, judicial district of Fairfield, Docket No. 310959 (January 25, 1996, Levin, J.). Rather, the defendant must demonstrate the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. Because the defendant is the party seeking summary judgment, it has the burden of demonstrating the absence of any genuine issue of material fact.Gupta v. New Britain Hospital, 239 Conn. 574, 582 (1996). The defendant's reliance on a deficiency in the plaintiffs' pleadings does not meet this burden.
Based on the foregoing, the motion for summary judgment is granted as to the first count and is denied as to the second count.
THIM, JUDGE