[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 3142
In this six-count complaint, dated October 29, 1997, the plaintiffs Terrance and Frances Rock (the Rocks) seek to recover from the defendants, Eagle American Insurance Company (Eagle) and American National Fire Insurance Company (American) losses suffered by theft of their personal property allegedly covered by their policies of insurance. Eagle has filed a motion for summary judgment as to count one (breach of contract as to Eagle) and count two (breach of the covenant of good faith and fair dealing as to Eagle) of the complaint. Eagle argues that it is entitled to summary judgment as to count one because the plaintiffs' claim is barred by the one year limitation in their policy, a provision which is required by state statute. The Rocks counter that Eagle should be estopped from asserting the one-year provision because Eagle repudiated the contract when it denied their claim. As to count two, Eagle claims that summary judgment is appropriate because as a matter of law it has not violated the covenant of good faith or fair dealing, the Rocks maintain that the covenant of good faith and fair dealing was breached when Eagle denied their claim based solely on unsubstantiated speculation.
The following facts are not in dispute. The Rocks held a home-owners insurance policy provided by the defendant, Eagle; The Rocks' reported a burglary at their home in Bristol on or about October 31, 1995; This alleged burglary was reported to both the Bristol police and the Rocks' insurer, Eagle; The Rocks submitted a proof of loss claiming $37,996; and 5) Eagle denied the claim on or about June 25, 1996, stating in the denial letter that "[b]ased upon the investigation of the facts and circumstances of the alleged loss, Great American has determined that the loss did not occur in the manner claimed."
 -I-
The Eagle policy contains a one year suit limitation provision in accordance with General Statutes § 38a-307 which provides, in relevant part, that:
 "The standard form of fire insurance policy of the state of Connecticut . . . shall be as follows . . .
 "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and CT Page 3143 unless commenced within twelve months next after the inception of the loss."
Since a provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy unless the provision has been waived or unless there is a valid excuse for nonperformance, even though such a condition requiring suit to be brought within one year does not operate as a statute of limitations. Monteiro v.American Home Assurance Co., 177 Conn. 281, 283 (1979).
Plaintiffs' claim of estoppel or waiver of the one year period would be a valid defense if there were any material question of fact as to whether Rock's actions contributed a waiver or justified applying the doctrine of estoppel. Boyce v. AllstateInc. Co., 236 Conn. 375, 383 (1996). Plaintiff does not claim any express waiver of the one year limitation by defendant, but claims defendant's failure to pay the plaintiffs for their insurance loss, without a good reason, was such a repudiation of the insurance contract as to justify plaintiffs non-compliance with the one year rule. Plaintiffs cite no Connecticut authority in support of their claim and their reliance on a single lower court decision in New York (Beckley v. Otsego Counter FarmersCorp. Ins. Co., 159 N.Y.S. 2d 270, 274 (N.Y. A.D. 1957) is not persuasive. On the other hand in Kish v. Metropolitan Property Casualty Co., 1997 WL 240927 (Judicial District of Fairfield, CV 94310866S) Judge Thim held that an insurance company's recission of a policy did not bar application of the one year limitation.
In Boyce supra, 236 Conn. 384, our Supreme Court explained the application of estoppel in a case similar to this action as follows:
 It would be unjust to foreclose an insured's ability to assert an estoppel theory because the insured has not obtained a written waiver when other actions of the insurance carrier lead the insured reasonably to believe that the statutory limitation on suit provision or any other provision of an insurance policy will not be enforced.
In other words, to be estopped from invoking the one year limitation as a defense the insurance company by its negotiations or other actions would have had to induce the insured to delay filing suit. CT Page 3144
In this action, plaintiff has made no such claim, either in its pleadings or its submitted affidavits that it was induced to delay filing suit. It is undisputed that Rock notified plaintiffs that it was denying the insurance claim on June 25, 1996, at least four months prior to the expiration of the one year period, and that plaintiffs took no action until October 30, 1997.
In the absence of a factual issue of waiver or estoppel, remedy against an insurance company for alleged failure to comply with the terms of its insurance contract must be asserted in our courts by institution of suit within one year of the loss.Monteiro v. American Home Assurance Co., supra 177 Conn. 286. Plaintiffs did not institute suit within one year.
Defendant's motion for summary judgment granted as to Count One.
 II
Count two alleges a breach by Rock of the implied covenant of good faith and fair dealing.
An implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including insurance contracts; Hoyt v. Factory Mutual LibertyIns. Co., 120 Conn. 156, 159 (1935); Bartlett v. Travelers Ins.Co., 117 Conn. 147 (1933); cf. Grand Sheet Metal Products Co.v. Protection Mutual Ins. Co., 34 Conn. Sup. 46, (1977). . . .'Magnan v. Anaconda Industries. Inc., (193 Conn. 558, (1984); see also 2 Restatement (Second), Contracts § 205 (1979); 43 Am. Jur.2d, Insurance §§ 141, 142; 3 G. Couch, Insurance 2d (Rhodes Rev. 1984) § 25.32." Buckman v. People Express. Inc.,205 Conn. 166, 170-171, 530 A.2d 596 (1987). Breach of the obligation to deal fairly and act in good faith sounds in both contract and tort. See Scribner v. AIU Ins. Co.,43 Conn. Sup. 147, 151, (1994).
An action for breach of the covenant of good faith is not subject to the one year limitation, and defendants make no such claim.
In Lees v. Middlesex Ins. Co., 219 Conn. 644 (1991) our Supreme court held that CUTPA and CUIPA claims were not subject to the one year limitation in the policy, since those claims were not made under the policy. CT Page 3145
When Eagle denied the loss claim submitted by the Rocks allegedly based on little more than speculation, there remains a material question of fact as to whether it breached the covenant of good faith and fair dealing implied in the insurance contract with the Rocks.
Motion for summary judgment is denied as to the Second Count.
Jerry Wagner Judge Trial Referee