Yola **MENDOZA–MOLOSTVOV,**
Plaintiff,

v.

**VIGILANT INSURANCE COMPANY,**
Defendant.

**No. Civ. 303CV1765JCH.**

United States District Court,
D. Connecticut.

Feb. 14, 2005.

Roy S. Ward, Westport, CT, for Plaintiff.

Howard L. Pierce, Jose M. Rojas, Shipman & Goodwin, Hartford, CT, for Defendant.

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 24]**

HALL, District Judge.

Defendant Vigilant Insurance Company ("Vigilant") brings this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Vigilant claims that Yola Mendoza–Molostvov's claims are barred by a contractual provision in her insurance agreement requiring

Mendoza–Molostvov to bring all legal action within one year of a claimed loss, or, in the alternative, by the equitable doctrine of laches. Mendoza–Molostvov does not dispute the existence or meaning of the contractual provision or the ability of such a clause, generally, to bind her. However, she argues that the clause should not be enforced against her because an intervening event excused her performance and because Vigilant, by its actions, has implicitly waived enforcement of the clause and should be estopped from enforcing it. For the reasons that follow, Vigilant's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Mendoza–Molostvov alleges that on November 12, 1997, several items of jewelry were stolen from her in the elevator of a Greenwich, Connecticut parking garage. *See* Am. Compl. at ¶ 9. She reported this alleged theft to Vigilant on the following day, and demanded payment for the loss. *See id.* at ¶ 10. Mendoza–Molostvov and Vigilant had had previously contracted to insure the stolen items of jewelry, and the contract was in effect at the time of the alleged theft. *See id.* at ¶¶ 8–9. The insurance policy, policy number 11229316–01 (the "Policy"), included, *inter alia*, the following provision:

> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within one year after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined.

*See* Def's Local Rule 56(a)(1) Statement of Facts at ¶ 3 ("Def's Rule 56 Statement"); *see also* Pl's Local Rule 56(a)(2) Statement

of Facts at 1, ¶ 3 ("Pl's Rule 56 Statement") (admitted).

Beginning in November 1997, Vigilant investigated Mendoza–Molostvov's claim. *See, e.g.,* Pl's Rule 56 Statement at 2–3, ¶¶ 3–5. On August 19, 1998, Vigilant sent Mendoza–Molostvov a letter requesting her to appear for an examination under oath on September 11, 1998. *See* Pl's Objection to Motion for Summary Judgment at 7 ("Mem.Opp.Summ. J."). Mendoza–Molostvov claims that she did not receive that letter because she had moved to California, and the examination under oath did not occur. *See* Mem. Opp. Summ. J. at 5–6.[1] Vigilant sent another letter to Mendoza–Molostvov's Greenwich address on October 1, 1998, in another attempt to schedule an examination under oath. *See* Def's Rule 56 Statement at ¶ 8; *see also* Pl's Rule 56 Statement at 2, ¶ 8 (admitted). This letter was returned to Vigilant, indicating "returned to sender, moved—left no address." *See* Def's Rule 56 Statement at ¶ 9 and Ex. D; *see also* Pl's Rule 56 Statement at 2, ¶ 9 (admitted).

On March 12, 1999, Vigilant denied Mendoza–Molostvov's claim. *See* Def's Rule 56 Statement at ¶ 10; *see also* Pl's Rule 56 Statement at 2, ¶ 10 (admitted). However, Mendoza–Molostvov claims that she did not become aware of Vigilant's denial of her claim until August 2000. *See* Mem. Opp. Summ. J. at 7. Mendoza–Molostvov filed the suit at bar in the Superior Court for the Judicial District of Stamford/Norwalk at Stamford, Connecticut on September 18, 2003. *See* Am. Compl. at ¶ 2.

## II. STANDARD OF REVIEW

The burden is on a party moving for summary judgment to establish that there

---

**1.** Mendoza–Molostvov claims that she informed Vigilant's investigator of her impending move, but that he failed to pass that information on to Vigilant. *See* Mem. Opp. Summ. J. at 4, 6.

are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *White v. ABCO Eng'g Corp.*, 221 F.3d 293, 300 (2d Cir.2000). When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present significant probative evidence to create a genuine issue of material fact. *See Liberty Lobby*, 477 U.S. at 249–50, 106 S.Ct. 2505. A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact....' " *Miner v. Glens Falls*, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich*, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991); *see also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992). A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements, *see Securities & Exchange Comm'n v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978), nor may he rest on the "mere allegations or denials" contained in his pleadings, *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir.1995); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir.1993) (holding that a party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). Further, a party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986).

## III. DISCUSSION

█ Provisions within insurance policies requiring the claimant to bring suit within one year are valid contractual obligations in Connecticut. *See Monteiro v. Am. Home Assurance Co.*, 177 Conn. 281, 416 A.2d 1189, 1190 (1979). Such a provision is a defense to an action on the policy unless the provision has been waived or unless the claimant has a valid excuse for non-performance. *See id.* Vigilant has produced competent evidence that the Policy included a clause that required Mendoza–Molostvov to bring suit within one year of her loss, *see* Def's Rule 56 Statement at Ex. A, and that Mendoza–Molostvov failed to abide by that clause, *see* Def's Rule 56 Statement at ¶ 1; *see also* Pl's Rule 56 Statement at 1, ¶ 1 (admitted).

In fact, there is no conflict over the existence or validity of the one-year litigation limitation period. *See* Mem. Opp. Summ. J. at 10. Mendoza–Molostvov does not claim that she filed her suit within that one-year time limit. *See, e.g.*, Pl's Rule 56 Statement at 5, ¶ 18 (absent defenses, one year time limit expired on November 12, 1998); *see also* Am. Compl. at ¶ 2 (suit filed on September 18, 2003). However, Mendoza–Molostvov argues that the clause in her insurance contract should not be enforced because she is excused from complying with it. She claims that 1) compli-

ance on her part was impossible, and 2) Vigilant's actions served as an implicit waiver and are grounds for the court to estop Vigilant from enforcing the limitations period. *See id.* at 11.

### A. Impossibility

■ The court need not linger on Mendoza–Molostvov's claim of impossibility. Her argument is based entirely on the alleged impossibility of her attendance at the examination under oath on September 11, 1998. That is not the question before the court. Whether or not it was impossible for Mendoza–Molostvov to attend the examination has no bearing on whether it was impossible for her to file suit within one year of the alleged theft. Therefore, Mendoza–Molostvov is not excused from complying with the Policy's limitations clause based on impossibility.

### B. Waiver and Estoppel

Mendoza–Molostvov argues that Vigilant has waived,[2] or should be estopped from enforcing, the Policy's one-year litigation time limit. While the court is mindful that the existence of waiver and estoppel are questions of fact for the trier to determine, *see Hanover Ins. Co. v. Fireman's Fund Ins. Co.,* 217 Conn. 340, 350, 586 A.2d 567 (1991), Mendoza–Molostvov does not offer any proof that creates a material issue of fact on these claims.

■ " '[I]mplied waivers and estoppels by conduct are so similar that they are nearly indistinguishable.' " *Id.* at 351–52, 586 A.2d 567 (quoting *S.H.V.C., Inc. v. Roy,* 188 Conn. 503, 450 A.2d 351, 354 (1982)). "[T]he party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and

to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury . . . ." *Id.* at 351, 586 A.2d 567 (citation omitted). Of course, "silence will not operate as estoppel absent a duty to speak." *Id.* at 350, 586 A.2d 567; *see also Boyce v. Allstate Ins. Co.,* 236 Conn. 375, 387, 673 A.2d 77 (1996) (same). Also, actions occurring after the period for suit has run cannot form the basis for either a waiver or an estoppel claim. *See Hanover Ins.,* 217 Conn. at 351, 586 A.2d 567. Specifically, an insurance company's denial of a claim after the one-year limitations period has passed does not act as a waiver of the limitations clause or as a basis for estoppel against the insurance company's enforcement of the clause. *See id.* at 349–50, 586 A.2d 567.

In this case, Mendoza–Molostvov claims that she was lulled into a false sense of security when Vigilant did not ask for documentation for an extended period of time, sent notification regarding the September 11, 1998 examination to her old address despite Vigilant's investigator being aware of her move to California, did not inform her that Vigilant planned to deny her claim, and finally denied her claim after the Policy's litigation time limit had expired. *See* Mem. Opp. Summ. J. at 17–18. Mendoza–Molostvov argues that she had no reason to believe Vigilant would deny her claim prior to the expiration of the one-year limit, and that this should act as a waiver of that clause in the Policy. *See id.* at 15–16. Additionally, Mendoza–Molostvov claims that Vigilant's bad faith can further be shown by the allegedly burdensome document request Vigilant made in conjunction with its request that Mendoza–Molostvov submit to examination under oath on September 11, 1998. *See id.* at 18.

---

**2.** Mendoza–Molostvov does not claim that Vigilant expressly waived its right to enforce the Policy's litigation time limit. Thus, the court's discussion will be limited to the issue of implied waiver.

However, even taking these factual allegations as true, Mendoza–Molostvov has not created a single genuine issue of material fact on waiver. Vigilant's failure to communicate with Mendoza–Molostvov concerning its ongoing investigation and failure to give her advance notice of its denial of her claim cannot be considered waivers, because Vigilant had no duty to speak. *See Hanover Ins.,* 217 Conn. at 350, 586 A.2d 567. The absence of communication from Vigilant as the litigation deadline approached should have prompted Mendoza–Molostvov to inquire into whether Vigilant planned to deny her claim, or waive the time limit clause. Under similar circumstances, the Supreme Court of Connecticut held that "due diligence at least require[s] that the plaintiff make an inquiry of the defendant before assuming that the defendant did not intend to enforce the terms of its policy."[3] *See Boyce,* 236 Conn. at 387, 673 A.2d 77 (finding no implied waiver or estoppel where defendant failed to affirmatively confirm that it did not plan to waive the insurance policy's litigation time limit).

Also, Vigilant's failure to deny Mendoza–Molostvov's claim prior to the expiration of the one-year time limit is not grounds for estoppel, or an implied waiver of the Policy's time limit clause, in Connecticut. *See Hanover Ins.,* 217 Conn. at 349–50, 586 A.2d 567. Finally, Mendoza–Molostvov's claims concerning notice of the September 11, 1998, examination, and the corresponding document request, bear no relation to her waiver and estoppel claims. Even if Vigilant acted in bad faith in these situations, it did not make any representations that Mendoza–Molostvov could have relied upon to her detriment.

Mendoza–Molostvov has failed to raise any genuine issues of material fact regarding her claims that it was impossible for her to comply with the pertinent terms of the Policy, or that Vigilant either implicitly waived, or should be estopped from enforcing, the Policy's time limitation on commencing litigation. Therefore, Connecticut contract law requires that the court enforce the Policy's valid time limitation provision. Vigilant's motion for summary judgment is granted.[4]

## IV. CONCLUSION

For the foregoing reasons, Vigilant's motion for summary judgment [Dkt. No. 24] is hereby **GRANTED**. The clerk is ordered to close the case.

**SO ORDERED.**

---

3. The court notes that, even if Vigilant were estopped from starting the clock on the one-year time limit for bringing suit under the Policy until August 2000, the date that Mendoza–Molostvov claims to have first become aware that her claim had been denied, Mendoza–Molostvov still failed to file suit within the contractually mandated time period. *See* Am. Compl. at ¶ 2 (suit at bar filed on September 18, 2003).

4. The court's grant of summary judgment on contractual grounds obviates the need for addressing Vigilant's laches argument.