******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

C & H SHORELINE, LLC *v.* LORRAINE
RUBINO ET AL.
(AC 43197)

Moll, Alexander and DiPentima, Js.

*Syllabus*

The plaintiff home cleaning company, C Co., sought to recover damages from
the defendants for breach of contract in connection with the defendants'
failure to pay for services rendered. The parties' agreement contained
a one year limitation provision that provided that no action relating to
the subject matter of the agreement could be brought more than one
year after "the claiming party" knew or should have known of the cause
of action. The trial court found that by September, 2016, C Co. was
aware that the defendants were refusing to pay and did not commence
the action until March, 2018. The court therefore found in favor of the
defendants on their special defense that the action was time barred
under the agreement. On C Co.'s appeal to this court, *held* that the trial
court properly rendered judgment in favor of the defendants on the
basis that C Co.'s claims were contractually time barred; this court
concluded that, because C Co. offered a reasonable interpretation of
the limitation period, that the term "claiming party" referred only to
the customer, and the defendants offered a competing reasonable inter-
pretation, that the term "claiming party" was otherwise not defined in
the agreement and the agreement consistently used the terms "client,"
"customer," and "provider" when referring to the parties individually,
so that the newly introduced term meant any party bringing a cause of
action relating to the agreement, the limitation provision was ambiguous
and applied the contra proferentem rule, resolving the ambiguity against
C Co. as the undisputed drafter of the agreement and concluding that the
one year limitation period applied to any contracting party; accordingly,
because there was no dispute that C Co. commenced the action after
one year from the time it knew or should have known of it, its claims
were contractually time barred.

Argued January 6—officially released March 16, 2021

*Procedural History*

Action to recover damages for, inter alia, breach of
contract, and for other relief, brought to the Superior
Court in the judicial district of New Haven and tried to
the court, *Hon. Jon C. Blue*, judge trial referee; judg-
ment for the defendants, from which the plaintiff
appealed to this court. *Affirmed.*

*Frank J. Kolb, Jr.*, for the appellant (plaintiff).

*Michael P. Barry*, for the appellees (defendants).

*Opinion*

MOLL, J. The sole issue in this appeal is whether the one year limitation period set forth in the parties' agreement[1] applies to the claims brought by the plaintiff. The plaintiff, C & H Shoreline, LLC d/b/a Servpro, appeals from the judgment of the trial court rendered in favor of the defendants, Lorraine Rubino and John Rubino. On appeal, the plaintiff argues that the court improperly concluded that the contractual limitation period barred the plaintiff's claims. We affirm the judgment of the trial court.

The trial court's memorandum of decision sets forth the following relevant facts and procedural history. "[The plaintiff] does business as 'Servpro.' . . . [The plaintiff] . . . commenced the present action by service of process on March 26, 2018. . . . The complaint consists of six counts. The first count alleges breach of contract. The second count alleges unjust enrichment. The third count alleges quantum meruit. The fourth count alleges conversion. The fifth count alleges breach of the implied covenant of good faith and fair dealing. The sixth count alleges negligent misrepresentation. All counts relate to a contract between [the plaintiff] and Lorraine Rubino signed on January 7, 2016. Substantively, [the plaintiff] claims that the [defendants] hired it to clean their summer home after a flood caused by bursting pipes and haven't paid for services rendered. The [defendants'] substantive defense is that [the plaintiff] failed to perform its contractual duties.

"In addition to its substantive defense, the [defendants] . . . asserted a special defense [as its first special defense] that, '[t]his action is barred by paragraph 7 of the parties' agreement.' The special defense refers to paragraph 7 of the January 7, 2016 contract between the parties . . . . The paragraph in question provides that: '7. Any claim by Client for faulty performance, for nonperformance or breach under this Contract for damages shall be made in writing to Provider within sixty (60) days after completion of services. Failure to make such a written claim for any matter which could have been corrected by Provider shall be deemed a waiver by Client. NO ACTION, REGARDLESS OF FORM, RELATING TO THE SUBJECT MATTER OF THIS CONTRACT MAY BE BROUGHT MORE THAN ONE (1) YEAR AFTER THE CLAIMING PARTY KNEW OR SHOULD HAVE KNOWN OF THE CAUSE OF ACTION.' . . . The contract defines [the plaintiff] as the 'Provider.' The term 'Client' is not expressly defined (Lorraine Rubino is identified as 'Customer'), but the term presumably refers to the recipient of services. The term 'claiming party' is not defined." (Emphasis in original.)

The action was tried to the court, *Hon. Jon C. Blue*, judge trial referee, on June 19, 2019. On July 11, 2019,

the court rendered judgment in favor of the defendants on all counts of the plaintiff's complaint, concluding that the defendants' first special defense was dispositive of the action. With respect to its interpretation of paragraph 7 of the parties' agreement, the court concluded that the one year limitation provision contained therein was unambiguous and applied to the plaintiff's claims. The court reasoned as follows: "Paragraph 7 consists of three sentences. The first two sentences expressly refer to claims by 'Client.' The third sentence, containing the one year limitation period in question here, does not. The third sentence instead expressly refers to 'the claiming party.' 'Claiming party' is not a defined term in the contract. Under these circumstances, 'claiming party' can be safely assigned its meaning in ordinary English as 'a party making a claim.' This meaning is reinforced by the third sentence's express reference to the time when 'the claiming party knew or should have known of the cause of the action.' A 'claim' is 'a cause of action.' . . .

"The typeface of the contract reinforces the conclusion that the third sentence of paragraph 7 has a meaning significantly broader than that of the first two sentences. The first two sentences are in ordinary print. The third sentence is entirely in capital letters and boldface print. The contractual typeface, like the contractual language, emphasizes the fact that the third sentence has an independent—and crucially important—meaning." (Citations omitted.)

In rendering its decision, the court recognized that, in a separate case, another Superior Court judge had reached a different conclusion with respect to the identical paragraph of the same Servpro contract executed here. In *Servpro of Milford-Orange-Stratford* v. *Byman*, Docket No. CV-11-6008337-S, 2012 WL 2044570, *2 (Conn. Super. May 11, 2012), the court concluded that, in "[v]iewing the contract in its entirety, it is clear that paragraph [7] is a warranty provision and that the sentence relied upon by the [defendant customers] contemplates claims *brought by a customer*, including claims for faulty performance, nonperformance or breach of contract. In this regard, the court agrees with the plaintiff [service provider] that the intention of paragraph [7] is not to limit the plaintiff's ability to seek reimbursement for goods and services." (Emphasis in original.)

The court in the present action went on to conclude, in the alternative, that a judicial finding of ambiguity with respect to the one year limitation provision would not aid the plaintiff because any ambiguity would be construed against the drafter. Relevant to this conclusion, the court found that "the contract is a boilerplate instrument prepared by [the plaintiff]. It was not a negotiated contract. [The plaintiff] does not contest this issue." The court also referred to the parties' agreement as "Servpro's standard contract of adhesion . . . ."

Having concluded that the one year limitation provision applied to all parties to the contract, the court found in favor of the defendants on their first special defense as to all counts.[2] In this connection, the court found that the plaintiff "did not commence this action within the limitation period mandated by its own contract . . . . [The plaintiff] was fully aware by the end of August, 2016, that the [defendants] did not intend to pay for the services allegedly rendered. Lorraine Rubino credibly testified that she informed [the plaintiff] of her intention to refuse payment during the summer of 2016. A business record compiled by [the plaintiff] . . . indicates that this conversation occurred on June 7, 2016. Giving [the plaintiff] every benefit of the doubt, the conversation occurred no later than September 1, 2016. . . . [The plaintiff] commenced the present action by service of process on March 26, 2018. That date was, at a minimum, more than one year and six months after [the plaintiff] knew or should have known of the cause of action. The action is consequently time barred by [the plaintiff's] own contract." The court therefore rendered judgment in favor of the defendants on all counts of the plaintiff's complaint. This appeal followed.

Because the plaintiff's claim challenges the court's interpretation of the parties' agreement, we begin our analysis by setting forth the applicable standard of review and general principles of law relevant to the construction of contracts. "The law governing the construction of contracts is well settled. When a party asserts a claim that challenges the trial court's construction of a contract, we must first ascertain whether the relevant language in the agreement is ambiguous." (Internal quotation marks omitted.) *EH Investment Co., LLC* v. *Chappo, LLC*, 174 Conn. App. 344, 357–58, 166 A.3d 800 (2017). "When the language of a contract is ambiguous, the determination of the parties' intent is a question of fact . . . . [When] there is definitive contract language, [however] the determination of what the parties intended by their contractual commitments is a question of law. . . . It is implicit in this rule that the determination as to whether contractual language is plain and unambiguous is itself a question of law subject to plenary review." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 325 Conn. 146, 157–58, 156 A.3d 477 (2017).

"We accord the language employed in the contract a rational construction based on its common, natural and ordinary meaning and usage as applied to the subject matter of the contract. . . . Where the language is unambiguous, we must give the contract effect according to its terms. . . . Where the language is ambiguous, however, we must construe those ambiguities against the drafter [sometimes referred to as the contra proferentem rule]. . . . A contract is unambiguous when its language is clear and conveys a definite

and precise intent. . . . The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous. . . . In contrast, a contract is ambiguous if the intent of the parties is not clear and certain from the language of the contract itself. . . . [A]ny ambiguity in a contract must emanate from the language used by the parties. . . . The contract must be viewed in its entirety, with each provision read in light of the other provisions . . . and every provision must be given effect if it is possible to do so. . . . If the language of the contract is susceptible to more than one reasonable interpretation, the contract is ambiguous." (Citations omitted; internal quotation marks omitted.) *Cantonbury Heights Condominium Assn.*, *Inc.* v. *Local Land Development, LLC*, 273 Conn. 724, 735, 873 A.2d 898 (2005).

We continue with a review of paragraph 7 of the parties' agreement, which, as stated previously, provides: "Any claim by Client for faulty performance, for nonperformance or breach under this Contract for damages shall be made in writing to Provider within sixty (60) days after completion of services. Failure to make such a written claim for any matter which could have been corrected by Provider shall be deemed a waiver by Client. NO ACTION, REGARDLESS OF FORM, RELATING TO THE SUBJECT MATTER OF THIS CONTRACT MAY BE BROUGHT MORE THAN ONE (1) YEAR AFTER THE CLAIMING PARTY KNEW OR SHOULD HAVE KNOWN OF THE CAUSE OF ACTION." (Emphasis in original.)

The parties disagree about the applicability of the third sentence of paragraph 7, which contains the one year limitation period, to the plaintiff's claims. The plaintiff argues that because the first two sentences of paragraph 7 relate solely to claims brought by the "Client," it necessarily follows that the term "Claiming Party" in the third sentence refers only to the customer. In contrast, while urging us to adopt the trial court's conclusion, the defendants counter that paragraph 7 is unambiguous and that the term "Claiming Party," which is otherwise not defined in the parties' agreement and appears only once therein, means any party asserting a cause of action. Relatedly, the defendants highlight the fact that the parties' agreement consistently uses (1) the terms "Client" and "Customer" when referring solely to the party receiving the services and (2) the term "Provider" when referring to the Servpro franchisee providing the services. The defendants argue that it follows, therefore, that the newly introduced term— "Claiming Party"—means any party bringing a cause of action relating to the parties' agreement. In the alternative, the defendants argue that, even if the use of the term "Claiming Party" were deemed ambiguous, the

plaintiff's claim still fails because, in the absence of the trial transcript being made a part of the record, there is an inadequate record on appeal. We agree that the plaintiff's claim is unavailing.

Because the plaintiff offers a reasonable interpretation of the third sentence on the one hand (i.e., akin to the one espoused by the court in *Servpro of Milford-Orange-Stratford* v. *Byman*, supra, 2012 WL 2044570, *2) and the defendants offer a competing, reasonable interpretation on the other hand (i.e., the one espoused by the court in the present case), we conclude that the third sentence of paragraph 7 is ambiguous as to whether the term "Claiming Party" refers only to the client or, instead, to any party asserting a cause of action relating to the contract. "If the language of the contract is susceptible to more than one reasonable interpretation, the contract is ambiguous." (Internal quotation marks omitted.) *Cantonbury Heights Condominium Assn.*, *Inc.* v. *Local Land Development, LLC*, supra, 273 Conn. 735.

Having determined that the third sentence in paragraph 7 of the parties' agreement is ambiguous, and because the plaintiff does not suggest that there is any countervailing extrinsic evidence to support a finding that the parties understood the third sentence to apply only to claims brought by the "Client" or "Customer," we apply the contra proferentem rule, which resolves the ambiguity against the plaintiff as the undisputed drafter. See *Cruz* v. *Visual Perceptions, LLC*, 311 Conn. 93, 108, 84 A.3d 828 (2014) (contra proferentem rule should be invoked "only as a last resort if [the trial court] is unable to resolve the ambiguity . . . by considering the extrinsic evidence").

In sum, we construe the ambiguity in the third sentence of paragraph 7 of the parties' agreement against the plaintiff as the drafter and conclude that the one year limitation period contained therein applies to any contracting party asserting a cause of action. Because there is no dispute that the plaintiff commenced the present action after one year from the time it knew or should have known of its cause of action, we conclude that judgment was properly rendered in favor of the defendants on the basis that the plaintiff's claims were contractually time barred.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the contract at issue was signed only by Lorraine Rubino on the part of the defendants, for ease of reference, we refer in this opinion to the contract as "the parties' agreement." The fact that the defendant John Rubino is not a signatory to the parties' agreement is not a subject of this appeal.

[2] We pause to note that reasonable contractual limitation periods have long been deemed valid under Connecticut law. See, e.g., *Monteiro* v. *American Home Assurance Co.*, 177 Conn. 281, 283, 416 A.2d 1189 (1979) ("[s]ince a provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy unless the provision has

been waived or unless there is a valid excuse for nonperformance; and such a condition requiring suit to be brought within one year does not operate as a statute of limitations"). Here, the *validity* of the one year limitation period in the parties' agreement is not disputed.

---